BENTON, J.,
dissenting.
The state called three witnesses: Nick Elkins, the owner of Elkins Automotive, Jo Elkins, his wife, and Jeff Powell, a used car dealer’s general manager, who testified that Mrs. Byrd traded her car in the day after she retrieved it from Elkins Automotive, which was also the day she stopped payment on the check. Mr. Elkins testified that he had given Mrs. Byrd a verbal estimate of approximately $1200 to install new heád gaskets, but had told her more work might be needed, and in fact found, after he replaced the head, two “weak cylinders,” which he estimated would require an additional $800 to repair. He testified he told her, “We needed to either go in and replace the rings in it, or from there, she could drive the vehicle as was,” and that she responded that she did not have funds with which to pay for additional repairs.
Mr. Elkins was not present when Mrs. Byrd came for the car and paid his wife for the repairs with a check in the amount of $1,272.00. “She was just happy to come get the ear. It was ready,” Mrs. Elkins testified. None of the state’s witnesses contradicted Mrs. Byrd’s testimony that she returned to the garage after discovering, among other things, that the air conditioning no longer worked, then got into a heated argument with the Elkinses’ son, and decided only then to stop payment on the check, even though she had $1,873.55 in her checking account at the time.
*1262 This evidence was insufficient to prove that Mrs. Byrd “with intent to defraud ... delivered a] ... check ... and [so] secure[d] ... goods or services ... and ... pursuant to and in furtherance of such intent to defraud, stop[ped] payment on such check ... [worth] $150 or more,” in violation of section 882.041, Florida Statutes (2001).
Sufficiency is a test of adequacy. Sufficient evidence is “such evidence, in character, weight, or amount, as will legally justify the judicial or official action demanded.” Black’s Law Dictionary 1285 (5th ed.1979). In the criminal law, a finding that the evidence is legally insufficient means that the prosecution has failed to prove the defendant’s guilt beyond a reasonable doubt. Burks v. United States, 437 U.S. 1, 16 n. 10, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Weight, at least in theory, is a somewhat more subjective concept.
Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981) (parallel citation omitted). Contrary to the majority opinion’s conclusory assurance that “if believed, testimony from the state’s witnesses was legally sufficient,” the state’s evidence was inadequate, even if fully credited.
The crucial factual issue at trial was Flossie Byrd’s intent when she gave Jo Elkins a check for the car repairs. As defense counsel argued to the trial judge, the defense position was that no intent to defraud was proven “as of the moment of presentation of the check ... and that the stop payment request ... the following day was because of legitimate consumer dissatisfaction.” The state sought to prove delivery with felonious intent to defraud by circumstantial evidence.
A special standard of review of the sufficiency of the evidence applies where a conviction is wholly based on circumstantial evidence. Jammillo v. State, 417 So.2d 257 (Fla.1982). Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. McArthur v. State, 351 So.2d 972 (Fla.1977); Mayo v. State, 71 So.2d 899 (Fla.1954).
State v. Law, 559 So.2d 187, 188 (Fla.1989). The unrefuted, reasonable hypothesis here is that Mrs. Byrd decided to stop payment only after her return to Elkins Automotive and the ensuing argument with Elkins fils, “because of legitimate consumer dissatisfaction.” As I read the record, moreover, it is simply not the case that the “testimony of the state’s witnesses was irreconcilable with that of appellant.”
Accordingly, I respectfully dissent.