571 So.2d 530 (1990)
Betty Ann COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 89-3341.
District Court of Appeal of Florida, First District.
December 11, 1990.
*531 Barbara M. Linthicum, Public Defender, and David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Cook appeals the trial court's finding that she was in constructive possession of a crack pipe and its residue, contending that proof of possession was legally insufficient to show that she had knowledge and ability to maintain control over the pipe. We agree and reverse with directions that appellant be discharged as to such offense.
The evidence reveals that a law enforcement officer found the crack pipe in appellant's open purse during a raid. Appellant, a dancer at the bar that was raided, testified that she had placed the purse, which had no money inside it, on the bar and left it there during one of her dance routines. The raid took place while appellant was on stage.
Because the crack pipe was not found in Cook's actual possession, the state was required to prove that she constructively possessed it. To establish constructive possession of contraband, the state must show that the defendant (1) knew of the presence of the contraband, (2) knew of its illicit nature, and (3) had dominion and control over it. Brown v. State, 428 So.2d 250, 252 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983). "If the premises, area, structure, vehicle, etc. in which a contraband substance is found is within the exclusive possession of the accused, the accused's guilty knowledge of the presence of the contraband, together with his ability to maintain control over it, may be inferred." Wale v. State, 397 So.2d 738, 739-40 (Fla. 4th DCA 1981). When the premises on which the contraband is found are not in the defendant's exclusive control, the state must establish by independent proof, rather than by inference, knowledge and ability to control the contraband. Brown, 428 So.2d at 252. When constructive possession is shown by circumstantial evidence, as here, the evidence must be inconsistent with the defendant's theory of innocence. D.K.W. v. State, 398 So.2d 885, 886 (Fla. 1st DCA 1981).
In our judgment the state's evidence was not inconsistent with the defendant's reasonable hypothesis of innocence. Appellant obviously did not have exclusive dominion and control over the bar where the contraband was found, and the state presented no independent proof of the defendant's knowledge of, or ability to control, the contraband. Even the state's own evidence established that people sitting at or near the bar had access to appellant's purse during the confusion that ensued after the police entered the bar area. As in Doby v. State, 352 So.2d 1236 (Fla. 1st DCA 1977), no direct evidence connected the defendant to the contraband, and the evidence suggesting that appellant knew of *532 the presence of the crack pipe within her purse was entirely circumstantial. Moreover, this evidence reasonably supports an inference that the appellant was unaware of its presence. Consequently, the trial judge should have granted Cook's motion for judgment of acquittal.
REVERSED.
WIGGINTON and MINER, JJ., concur.