STEVENSON, J.
E.H.A., a minor, was adjudicated delinquent for use or possession of drug paraphernalia (count I) and possession of marijuana (count II). The contraband was not found on E.H.A.’s person; rather, the State’s theory was one of constructive possession. In his sole point on appeal, E.H.A. contends that there was insufficient evidence to establish constructive possession and that the trial court erred in denying his motion for judgment of acquittal. We agree and reverse.
“Constructive possession exists where a defendant does not have physical possession of contraband but (1) knows it is within his presence, (2) has the ability to maintain control over it, and (3) knows of the illicit nature of the contraband.” Earle v. State, 745 So.2d 1087, 1089 (Fla. 4th DCA 1999)(citing Brown v. State, 428 So.2d 250, 252 (Fla.1983), and Dupree v. *1119 State, 705 So.2d 90, 94 (Fla. 4th DCA 1998)). If the contraband is found in a place that is not within the defendant’s exclusive control, then knowledge of the contraband’s presence and the ability to control it must be established by independent proof. See id. And, in a circumstantial evidence case such as this one,
“The law as it has been applied by this Court in reviewing circumstantial evidence cases is clear. A special standard of review of the sufficiency of the evidence applies where a conviction is wholly based on circumstantial evidence. Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse.
[[Image here]]
... A motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt. See Wilson v. State, 493 So.2d 1019, 1022 (Fla.1986). Consistent with the standard set forth in Lynch [v. State, 293 So.2d 44 (Fla.1974)], if the state does not offer evidence which is inconsistent with the defendant’s hypothesis, “the evidence [would be] such that no view which the jury may lawfully take of it favorable to the [state] can be sustained under the law.” 293 So.2d at 45. The state’s evidence would be as a matter of law ‘insufficient to warrant a conviction.’ Fla. R.Crim. P. 3.380.”
Dupree, 705 So.2d at 94 (quoting State v. Law, 559 So.2d 187, 188-89 (Fla.1989)).
Returning to the facts of the instant case, Thomas McClain, the Dean at Spectrum High School, testified that Michael Hackey, a student, left class and went out to his car to smoke a cigarette. McClain went out to Hackey’s car and searched it; a zipped backpack was found in the trunk. McClain opened the backpack and, inside, found a wallet and, in the wallet, McClain found identification belonging to E.H.A. and two baggies containing marijuana residue. In the backpack, McClain also found school books and papers belonging to E.H.A. and a pipe containing marijuana residue. McClain did not know how the backpack got in the trunk of Hackey’s car. E.H.A. was not a student at Spectrum High School and was not in the area when McClain discovered the drugs in the backpack.
E.H.A. admitted that the backpack was his and described Hackey as an “acquaintance.” According to E.H.A., however, he last had the backpack on the Friday before it was discovered in the trunk of Hackey’s car. E.H.A. testified that he packed the backpack with pants, boxers, a shirt, his wallet, and some money and took it to the home of his friend Lee Davies, where he was to stay the night. E.H.A. testified that he left the backpack at Davies’ home. Further, E.H.A. denied that he had put the marijuana or the pipe in the backpack.
In moving for judgment of acquittal, defense counsel argued that the State had failed to present any evidence to exclude the possibility that someone other than E.H.A. put the contraband in the wallet and in the backpack. The only evidence presented by the State was the fact that the contraband was found in a backpack and wallet owned by E.H.A.; E.H.A. was not in proximity to the contraband when it was discovered and there was no independent evidence that he was aware of the contraband’s presence in his backpack. Like E.H.A., we believe that the evidence presented was not inconsistent with his reasonable hypothesis of innocence and was wholly insufficient to establish that he constructively possessed the marijuana and pipe. See, e.g., Cook v. State, 571 *1120 So.2d 530 (Fla. 1st DCA 1990); see also S.B. v. State, 657 So.2d 1252 (Fla. 2d DCA 1995). Thus, we reverse the adjudication of delinquency.
REVERSED.
WARNER, C.J., and GUNTHER, J., ' concur.