NORTHCUTT, Judge.
P.M.M. appeals an order withholding adjudication and placing her on probation for possession of marijuana. We reverse because the circumstantial evidence failed to rebut P.M.M.’s reasonable hypothesis of innocence.
The State’s only witness at trial was Deputy Nathaniel Johnson, the school resource officer at the high school P.M.M. attended. Deputy Johnson recounted that he wds present when the assistant principal of the school searched P.M.M.’s backpack and discovered a small baggie of marijuana. Deputy Johnson did not know where the backpack hád been prior to that occasion. The baggie was not fingerprinted.
P.M.M. testified that she did not know marijuana was in her backpack, and she denied that it was hers. The marijuana was found in a front pouch, and P.M.M. testified that she had not opened this pouch in a week or two. P.M.M. testified that on the day of her arrest, she left her backpack on the classroom floor in her cooking class; her backpack was unattended for over an hour while she worked at a stove located twenty to twenty-five feet away. P.M.M. also testified that she left her backpack on a lunchroom table, unattended, while she waited in the lunch line for ten to fifteen minutes. Both times, there were other people around. During her next class, P.M.M. was called to the assistant principal’s office. The assistant principal told her an anonymous source reported that she had something in her backpack that she should not have. P.M.M. agreed to a search of her backpack; she testified that she did not think there was anything in there.
“[A] conviction based on circumstantial evidence cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of inno *420 cence.... Evidence that creates nothing more than a strong suspicion that a defendant committed the crime is not sufficient to support a conviction.” Terranova v. State, 764 So.2d 612, 615 (Fla. 2d DCA 1999) (citations omitted). In this case, the marijuana was found in a backpack that admittedly belonged to P.M.M. But she denied knowledge of the contraband, and the State produced no direct evidence to establish that P.M.M. knew of its presence.
Most of the cases involving constructive possession of illegal drugs involve contraband found in a vehicle containing two or more persons. However, a few Florida cases have involved contraband found in a container known to belong to a particular person. All of those cases have required the State to present some evidence that the defendant knew of the presence of the contraband. Evidence of the location of the contraband standing alone is simply not enough to support a conviction.
N.K.W. v. State, 788 So.2d 1036, 1039 (Fla. 2d DCA 2001) (Parker, J., concurring). In S.B. v. State, 657 So.2d 1252 (Fla. 2d DCA 1995), marijuana was found in the juvenile defendant’s bag, which had been accessible to several other people. This court reversed the delinquency adjudication for possession because the State’s circumstantial evidence, necessary to prove that the juvenile knew his bag contained marijuana, was not inconsistent with the juvenile’s theory. Likewise, in N.K.W., 788 So.2d 1036, LSD was found in a juvenile defendant’s wallet, which had been left on a closet shelf during a party and thus accessible to the other guests. This court reversed the delinquency adjudication for possession because there was no direct evidence that the juvenile knew drugs were in his wallet. “It is this total absence of any evidence of knowledge that requires us to reverse the conviction.” 788 So.2d at 1040 (Parker, J., concurring).
In this case, P.M.M.’s unrebutted and unimpeached testimony established that her backpack had been accessible to others. The State presented no evidence to show that P.M.M. knew there was marijuana in her backpack, other than the evidence that it was found in her backpack. As in N.K.W. and S.B., this was not enough to support a conviction. Accordingly, we reverse.
Reversed.
SILBERMAN and VILLANTI, JJ., Concur.