KAHN, J.
 

 A jury found Michael Jay Evans (appellant) guilty of actual or constructive possession of two controlled substances (Counts Two
 
 &
 
 Four) and possession of drug paraphernalia, including pipes or other items used with controlled substances (Count Five). Appellant argues the trial court erred, in pertinent part, by denying a motion for judgment of acquittal (JOA) on Counts Two and Four, where the circumstantial evidence was insufficient to establish that appellant constructively possessed the controlled substances. On this argument, we reverse the judgment and sentence on these two counts. The evidence supports appellant’s conviction in Count Five, for which the trial court sentenced him to time served.
 

 FACTUAL & PROCEDURAL BACKGROUND
 

 Officers with a search warrant went to appellant’s residence, where their search disclosed a duffel bag atop the bed in the master bedroom. A confidential informant had identified this bedroom as appellant’s but did not identify who owned the duffel bag. Inside the bag, officers found appellant’s passport, a memo book, and a small travel toiletry bag. Inside the toiletry bag, they discovered a glass smoking device and a pain reliever bottle containing miscellaneous pills, eventually analyzed and identified as MDMA and Carisoprodol. During the search, appellant, another man, and appellant’s daughter were in the residence. Also, the confidential informant, appellant’s relatives, and several other people frequently visited or stayed at the residence. Some of these visitors had ready access to the master bedroom and had stored illicit drugs there.
 

 The defense theorized the premises were under joint possession and because the officers did not find the contraband on appellant’s person, his mere occupancy of the residence could not establish the necessary elements of constructive possession. Defense counsel, on that basis, moved for JOA on Counts Two and Four. The trial court denied the motion.
 

 ANALYSIS
 

 We review de novo the denial of a motion for JOA to determine whether the evidence is legally sufficient to prove the charged offense.
 
 See Jones v. State,
 
 790 So.2d 1194, 1197 (Fla. 1st DCA 2001) (en banc). “[Wjhere a conviction is based wholly upon circumstantial evidence, a special standard of review applies.”
 
 Beasley v. State,
 
 774 So.2d 649, 657 (Fla.2000) (stating the evidence must be inconsistent with any reasonable hypothesis of innocence, an issue of fact for the jury to decide based on competent substantial evidence).
 

 “Proof of possession of a controlled substance may be actual or constructive.”
 
 Taylor v. State,
 
 13 So.3d 77, 80 (Fla. 1st DCA 2009);
 
 see
 
 § 893.13(6)(a), Fla. Stat. (2007). Constructive possession exists where the accused does not have physical possession of the contraband but knows of its presence on or about the premises and can maintain dominion and control over it.
 
 See Brown v. State,
 
 428 So.2d 250, 252 (Fla.1983). The charges in Counts Two and Four referred to the pills hidden in a pain reliever bottle inside a small black travel toiletry bag, which itself was inside the duffel bag. Someone placed appellant’s passport inside the duffel bag. Other occupants of the residence had access to the master bedroom, but no one had actual physical possession of the duffel
 
 *190
 
 bag and its contents at the time of the search. The State adduced no fingerprints from the duffel bag or on the pain reliever bottle, nor did the officers ask who owned the pill bottle.
 

 Because the premises where the officers found the contraband were in joint, rather than exclusive, possession, one cannot infer either the “knowledge” or “ability to maintain dominion and control” element from mere ownership of the residence or proximity to the contraband. The State must establish both elements by independent proof.
 
 See id.; Taylor,
 
 13 So.3d at 80-81.
 

 Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the contraband in the place where it is found, or circumstantial evidence from which a jury might properly infer that the accused had knowledge of the presence of the contraband.
 

 Robinson v. State,
 
 936 So.2d 1164, 1167 (Fla. 1st DCA 2006) (quoting
 
 Wale v. State,
 
 397 So.2d 738, 740 (Fla. 4th DCA 1981)). Questioning what “independent proof’ the prosecution offered to prove constructive possession of MDMA and Carisoprodol in the jointly occupied premises, appellant relies on
 
 S.B. v. State,
 
 657 So.2d 1252 (Fla. 2d DCA 1995) (concluding that the State failed to prove S.B. constructively possessed marijuana found in a grocery bag in the trunk of a car carrying him and several other passengers, where, although S.B. admitted owning the bag, the officer never asked if S.B. owned the container in which the marijuana was found, never inventoried the contents of the bag, and never obtained fingerprints from the container); and
 
 N.K.W. v. State,
 
 788 So.2d 1036 (Fla. 2d DCA 2001) (concluding the evidence failed to show N.K.W. ■constructively possessed LSD found inside a baggy in his wallet, as the wallet was located in plain view on a bedroom closet shelf to which many people attending a party had access, N.K.W. did not admit owning the LSD, officers obtained no fingerprints from the baggy, and no direct evidence established his knowledge of the presence of the contraband).
 

 By analogy to
 
 S.B.,
 
 the evidence here showed appellant jointly occupied the residence and the master bedroom where the officers found the contraband hidden inside the duffel bag. The evidence did not show who owned the duffel bag. S.B. had admitted ownership of the grocery bag, yet that admission, along with mere location, did not suffice to prove constructive possession in a jointly occupied car.
 
 See
 
 657 So.2d at 1253. The district court in
 
 N.K.W.
 
 applied the same analysis used in
 
 S.B.,
 
 concluding the State did not present independent proof of the accused’s knowledge of the presence of drugs in his wallet.
 
 See N.K.W.,
 
 788 So.2d at 1037-38.
 

 Here, the State relies solely upon the presence of appellant’s passport in the outer duffel bag to argue that it made a satisfactory prima facie case of possession of the contraband secreted inside the travel toiletry bag, itself enveloped in the duffel. The State does not attempt to grapple with either
 
 S.B.
 
 or
 
 N.K.W.
 

 The required analysis for a constructive possession case where the premises, including the master bedroom, are jointly occupied, leads us to conclude the State offered no independent proof that appellant knew about the hidden controlled substances.
 
 See Cook v. State,
 
 571 So.2d 530, 531 (Fla. 1st DCA 1990) (concluding the circumstantial evidence did not support a conviction of constructive possession of a crack pipe found in the defendant’s purse after the police raided a dance bar, where the defendant was performing on stage and lacked exclusive dominion and control over the place on the bar where the con
 
 *191
 
 traband was found near patrons of the establishment, and the State offered no independent proof of her knowledge of, or ability to control, the contraband);
 
 McClain v. State,
 
 559 So.2d 425, 426 (Fla. 4th DCA 1990). The presence of appellant’s passport in the duffel bag suggests he could have placed the passport there. Such an inference, however, provides no time frame with regard to when the contraband came to reside in the bag, nor any help as to appellant’s present dominion over the contraband. Without more, the mere presence of the passport is no better proof of appellant’s knowledge of, and dominion over, the contraband than S.B.’s acknowledgment of ownership of the grocery bag or N.KW.’s admission of ownership of the wallet where officers found the drugs. Accordingly, we REVERSE the convictions and sentences for Counts Two and Four and REMAND with instructions to the trial court to discharge appellant for these offenses.
 

 BENTON and ROBERTS, JJ., concur.