# Supreme Court of Florida

_____

No. SC13-564
_____

**JONATHON KNIGHT,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[March 10, 2016]

QUINCE, J.

This case is before the Court for review of the decision of the Fifth District Court of Appeal in Knight v. State, 107 So. 3d 449 (Fla. 5th DCA 2013). The district court certified that its decision is in direct conflict with the decisions of the First District Court of Appeal in Evans v. State, 32 So. 3d 188 (Fla. 1st DCA 2010), and Cook v. State, 571 So. 2d 530 (Fla. 1st DCA 1990); the decisions of the Second District Court of Appeal in P.M.M. v. State, 884 So. 2d 418 (Fla. 2d DCA 2004), N.K.W., Jr. v. State, 788 So. 2d 1036 (Fla. 2d DCA 2001), and S.B. v. State, 657 So. 2d 1252 (Fla. 2d DCA 1995); and the decision of the Fourth District Court of Appeal in E.H.A. v. State, 760 So. 2d 1117 (Fla. 4th DCA 2000). The

conflict concerns the proper application of the circumstantial evidence standard of review and whether the standard should continue to apply in Florida. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We decline to abandon use of the standard but reject its use in Knight's case because this is not a wholly circumstantial case. We instead uphold Knight's conviction as supported by competent, substantial evidence.

**FACTS**

On November 21, 2010, Orange County Deputy Sheriff Donald Murphy conducted a traffic stop of a vehicle being driven by Jonathon Knight, but owned by Knight's friend, Chaka Miller, who was riding in the front passenger seat of the vehicle. Knight, 107 So. 3d at 451-52. Knight's other friend, Chad Harris, was sitting in the backseat. Id. at 452. Once Knight had pulled over and parked the car in a convenience store parking lot, Deputy Murphy ordered him out and led him to the front of the car, leaving the remaining passengers in place. Id. Minutes later, as Deputy Murphy issued Knight a citation for a noise violation, a K-9 officer also pulled into the same parking lot. Id. After Murphy released Knight, Knight walked into the convenience store. Id. "At approximately the same time, the K-9 officer made an 'impromptu' decision to run his dog" around the car. Id. The dog alerted to the passenger side door, and Murphy re-detained Knight as he exited the store. Id. Murphy's search of the vehicle recovered a small bag of cannabis,

- 2 -

weighing 24.4 grams, which was found in a suitcase that had been sitting on the backseat of the car. Id. The luggage tag on the suitcase identified Knight as the owner of the suitcase. Id. Knight was charged with (1) possession with intent to sell or deliver, and (2) possession of more than 20 grams of cannabis. Id. At trial, after the State rested, Knight moved for a judgment of acquittal. Id. The trial court denied the motion. Id.

Knight's friend, Miller, testified as the first defense witness. Id. He explained that he, Knight, and Harris were in Orlando the weekend of the arrest for the "Florida Classic" football game. Id. Miller testified that the cannabis did not belong to him, nor had he seen Knight with marijuana or heard him discuss it at all during their trip. Id. Miller did not contradict the State's evidence that Knight owned the suitcase, but he did testify that Harris was left in the backseat next to the suitcase after Deputy Murphy removed Knight from the car—"implying that Harris could have placed the cannabis in the suitcase at that time." Id.

Knight, testifying in his own defense, also reiterated that Harris was seated in the backseat of the car until the search occurred. Id. at 453. Knight testified that the cannabis was not his, and although he did not expressly admit ownership of the suitcase, Knight did not contradict the State's evidence that he owned it either. Id.

at 452-53.[1]  "On cross-examination, the State immediately sought to have Knight reiterate" what it viewed as "Knight's admission that the suitcase was his," but Knight denied owning the suitcase or that the luggage tag identified him as the owner.  Id. at 453.  When all the evidence was presented, Knight renewed his motion for judgment of acquittal, which the trial court again denied.  Id.  The jury deliberated and returned a verdict of guilty on count two only, for the crime of possessing more than 20 grams of cannabis.  Id.  Knight appealed, arguing that the trial court should have granted his motion for judgment of acquittal.  Id. at 451.

Recognizing that Knight was convicted under a theory of constructive possession, the Fifth District described the two elements of the crime as requiring proof that the defendant had dominion and control over the contraband and knowledge that the contraband was in his presence.  Id. at 453.[2]  The district court acknowledged that other district courts have applied the circumstantial evidence

---

1.  "There was one exchange between Knight and his counsel during which the jury could have understood Knight to be agreeing that the suitcase was his.  However, the question was poorly worded and could have been intended by Knight as simply an acknowledgement that Deputy Murphy had identified the suitcase as belonging to him."  Id. at 453 n.4.

2.  Some older cases may describe constructive possession as having one additional element—that the defendant knew of the illicit nature of the contraband.  See, e.g., Brown v. State, 428 So. 2d 250, 252 (Fla. 1983).  However, as explained by the Fifth District, the Legislature eliminated that element, effective May 13, 2002.  Knight, 107 So. 3d at 453 n.5; see also, § 893.101, Fla. Stat. (2002); Ch. 2002-258, § 1, at 1848, Laws of Fla.

standard of review in constructive possession cases.  Id. at 454.  However, the Fifth

District rejected that approach because the standard only applies in "wholly

circumstantial" cases, which it held are those in which all the elements of an

offense are proven by circumstantial evidence alone.  Id. at 462.  The Fifth District

noted that possession cases such as this one typically include direct evidence of

dominion and control in the form of testimony that contraband was found near the

defendant.  Id. at 462-63.  Because of the direct evidence of dominion and control,

the district court found that these cases cannot be deemed wholly circumstantial,

making application of the circumstantial evidence standard inappropriate.  Id.  The

court certified conflict with constructive possession cases in which it believed

other district courts had instead applied the circumstantial evidence standard where

only one element had been entirely demonstrated by circumstantial evidence.  Id.

at 451.

Nonetheless, the Fifth District applied the circumstantial evidence standard

to the instant case in the following manner:

> Turning to this case, the two inferences that could logically be
> drawn from the circumstantial evidence are that: (1) Knight knew that
> the marijuana was in his suitcase (and is guilty); or, (2) Knight did not
> know that the marijuana was in his suitcase because Chad Harris
> placed it there without his knowledge after Deputy Murphy removed
> Knight from the car (Knight's hypothesis of innocence).  This is
> admittedly a close case.  However, we believe that a reasonable fact-
> finder could reject Knight's hypothesis of innocence as unreasonable
> based upon: (1) the very short window of opportunity Harris would
> have had to move the marijuana from another hiding place to the

suitcase (the K-9 deputy arrived within minutes of the stop); (2) the fact that an inference could reasonably be drawn from [Chaka] Miller's testimony that Harris did not place the marijuana in Knight's suitcase (Miller was in a position to detect any attempt by Harris to hide 24.4 grams of marijuana in Knight's suitcase, but did not testify to any facts indicating that Harris actually did so); and (3) the jury's unique ability to assess Knight's demeanor on the witness stand during the whole of his testimony.

Id. at 468. The court noted that the same outcome would result under what it viewed as the appropriate standard of review:

If after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction. Applying this general standard in no way changes the fact that there are two possible inferences that could be drawn from the evidence relating to the knowledge element in this case, or that a conviction can only be sustained if a trier of fact could rationally find guilt by rejecting the second inference as unreasonable, speculative, imaginary or forced based upon the evidence.

Id. (internal citation omitted). The district court then affirmed Knight's conviction.

Id. at 468-69. Knight now appeals.

**ANALYSIS**

This Court has described the circumstantial evidence standard as follows: "[w]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt[,] a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." Jaramillo v. State, 417 So. 2d 257, 257 (Fla. 1982). The standard applies upon appellate review, id., and when a trial judge rules on a motion for judgment of acquittal, State v. Law,

- 6 -

559 So. 2d 187, 188 (Fla. 1989). In the instant opinion, the Fifth District engaged in a lengthy discussion about why this Court should reconsider use of this standard in Florida. Knight, 107 So. 3d at 455-62. However, we find that discussion and the rationale raised by the State to be unpersuasive. Accordingly, we uphold the continued use of the standard in Florida. Having done so, we next address the certified conflict issue by clarifying when the standard applies.

## I. Certified Conflict

The Fifth District found that the circumstantial evidence standard should apply only where both elements of constructive possession are proven solely by circumstantial evidence. Knight, 107 So. 3d at 462. The court then certified conflict with constructive possession cases from other district courts which seemed to apply the circumstantial evidence standard where only one element had been established by purely circumstantial evidence. Id. at 451 (certifying conflict with Evans, P.M.M., N.K.W., E.H.A., S.B., and Cook).

While there is some confusion as to when the circumstantial evidence standard applies, we agree with the Fifth District that it should not be applied based on any particular element of a crime being itself proven entirely by circumstantial evidence. As we stated in Jaramillo, the circumstantial evidence standard applies "where the only proof of guilt is circumstantial." 417 So. 2d at 257 (emphasis added). Thus, in determining whether the circumstantial evidence standard

applies, the relevant evidence is that which points to the defendant as the perpetrator. Courts should ask whether the evidence of that particular defendant's guilt is entirely circumstantial, not whether all of the State's evidence of the crime is circumstantial. See Davis v. State, 90 So. 2d 629, 631 (Fla. 1956) (stating that "[e]vidence which furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the crime, . . . is not sufficient to sustain conviction" and that although "circumstantial evidence is sufficient to suggest a probability of guilt, it is not thereby adequate to support a conviction if it is likewise consistent with a reasonable hypothesis of innocence"); Mayo v. State, 71 So. 2d 899, 904 (Fla. 1954) ("[E]vidence which leaves one with nothing stronger than a suspicion that the defendant committed the crime is not sufficient to sustain a conviction.").

For example, in a first-degree murder case, the victim's body is direct evidence of the first element of the crime—that the victim is dead. However, it is not direct evidence of any particular defendant's involvement in the murder in the way that the other elements—premeditation and an act of the defendant causing the victim's death—are. Therefore, where those other elements are supported by circumstantial evidence alone, the special standard of review would apply. This explains why there are first-degree murder cases in which a body has been found that still have been characterized as wholly circumstantial. See, e.g., Dausch v.

State, 141 So. 3d 513, 515, 517 (Fla. 2014) (finding that "the State relied solely on circumstantial evidence to obtain its conviction," even though dead body was direct evidence of victim's death).  We now expressly hold that the circumstantial evidence standard of review applies only where all of the evidence of a defendant's guilt—i.e., the evidence tending to show that the defendant committed or participated in the crime—is circumstantial, not where any particular element of a crime is demonstrated exclusively by circumstantial evidence.

While the Fifth District has certified conflict with six cases, the opinions in three of those cases can be read to be in agreement with the Fifth District and our holding here.  For example, in Evans, officers executing a search warrant on the defendant's home discovered a glass smoking device and a pain reliever bottle containing miscellaneous controlled substances in pill form.  32 So. 3d at 189.  The items were found inside a toiletry bag located within a duffel bag that was sitting on the bed in the master bedroom.  Id.  The duffel bag also contained the defendant's passport and a memo book.  Id.  While the bedroom was identified as the defendant's, the owner of the duffel bag was unknown.  Id.  In reversing the defendant's convictions for constructive possession, the First District stated:

> The presence of appellant's passport in the duffel bag suggests he could have placed the passport there.  Such an inference, however, provides no time frame with regard to when the contraband came to reside in the bag, nor any help as to appellant's present dominion over the contraband.  Without more, the mere presence of the passport is no better proof of appellant's knowledge of, and dominion over, the

> contraband than S.B.'s acknowledgment of ownership of the grocery bag or N.K.W.'s admission of ownership of the wallet where officers found the drugs [in two other similar cases].

Id. at 191 (emphasis added). As is clear from the above passage, the First District, in fact, discussed the circumstantial evidence as to both elements of the crime, not only one.

Likewise, in Cook, the defendant was convicted of constructive possession of a crack pipe, and its residue, found in her open purse during a raid of the bar where she worked as a dancer. 571 So. 2d at 531. The defendant testified that she had left her purse on the bar during one of her performances. Id. The raid occurred while she was on stage. Id. The First District concluded that "no direct evidence connected the defendant to the contraband [(dominion and control)], and the evidence suggesting that appellant knew of the presence of the crack pipe within her purse [(knowledge)] was entirely circumstantial." Id. at 531-32 (emphasis added). Again, the First District discussed the circumstantial evidence as to both elements of constructive possession. The district court even described the special standard in reference to the entire crime: "When constructive possession is shown by circumstantial evidence, as here, the evidence must be inconsistent with the defendant's theory of innocence." Id. at 531 (emphasis added). Thus, the First District recognized that the standard applies where both elements of constructive possession are proven solely by circumstantial evidence.

- 10 -

In that same way, the Fourth District characterized E.H.A. as "a circumstantial evidence case" and analyzed it in terms of both elements of the crime. 760 So. 2d at 1119. The court explained that "[t]he only evidence presented by the State was the fact that the contraband was found in a backpack and wallet owned by E.H.A.; E.H.A. was not in proximity to the contraband when it was discovered [(dominion and control)] and there was no independent evidence that he was aware of the contraband's presence in his backpack [(knowledge)]." Id. As the courts in those three cases have actually applied the circumstantial evidence standard in the manner we find proper, we hereby approve Evans, Cook, and E.H.A.

Although the remaining three certified conflict cases can possibly be read in agreement with our holding today, the language within the opinions is not as clear and could just as easily be read as applying the standard where only one element is supported entirely by circumstantial evidence. S.B., 657 So. 2d at 1253 (reversing conviction for constructive possession, stating "Beyond the mere location of the marijuana, the [S]tate relies upon S.B.'s admission that he owned the grocery bag to establish constructive possession. Unfortunately, the officer never asked if S.B. owned the container, did not inventory the contents of the bag, and did not obtain fingerprints from the container. There is only circumstantial evidence to find that S.B. knew that the container was in his presence and that it contained a small

- 11 -

quantity of marijuana."); N.K.W., 788 So. 2d at 1038 (relying on S.B and stating "Although N.K.W. acknowledged ownership of his wallet, he was never asked if he owned the plastic bag contained within the wallet, and no fingerprints were obtained from that bag. He testified that he did not purchase the LSD contained within the bag and denied that anyone had given him the LSD [directly]. No direct evidence was introduced to establish that N.K.W. knew that the bag was in his presence or that it contained contraband."); P.M.M., 884 So. 2d at 420 (characterizing N.K.W. and S.B. as being reversed "because the State's circumstantial evidence, necessary to prove that the juvenile knew his bag contained marijuana, was not inconsistent with the juvenile's theory" and "because there was no direct evidence that the juvenile knew the drugs were in his wallet," then reaching same result in P.M.M.'s case). Because the language in S.B., N.K.W., and P.M.M. is not as clear as in the other three conflict cases, we hereby disapprove S.B., N.K.W., and P.M.M. only to the extent that the courts in those cases applied the circumstantial evidence standard upon finding that only one element of constructive possession was proven entirely by circumstantial evidence.

## II. This Case

Because Knight's conviction is based on a theory of constructive possession, the State was required to prove two elements: that Knight had (1) dominion and control over the contraband and (2) knowledge that the contraband was within his

presence.  Knight, 107 So. 3d at 453.  In discussing the evidence, the Fifth District deemed Deputy Murphy's testimony about the location of the cannabis to be direct evidence of dominion and control.  Id. at 462-63.  Whether this Court agrees with that finding or not, defense counsel conceded at oral argument that such testimony was direct evidence as to dominion and control.  We proceed with our analysis based on that concession.

With direct evidence of dominion and control, Knight's case cannot be considered wholly circumstantial—despite the circumstantial evidence of the knowledge element.  Therefore, the circumstantial evidence standard of review does not apply.  Instead, we review the trial court's denial of Knight's motion for judgment of acquittal de novo, reversing only where the conviction is not supported by competent, substantial evidence.  Greenwade v. State, 124 So. 3d 215, 220 (Fla. 2013).  The conviction is supported by sufficient evidence where a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt after viewing the evidence in the light most favorable to the State.  Id.  That burden is met in this case.

The State demonstrated Knight's dominion and control over the cannabis by introducing evidence that Knight owned the suitcase containing it.  Although Knight did not testify that he owned the luggage, the jury could have instead accepted Deputy Murphy's testimony that the suitcase contained a luggage tag

identifying Knight as its owner.  As to the knowledge element, the jury could have also rejected Knight's testimony about his friend Chad Harris having the opportunity to place the drugs into the suitcase.  Knight's case may present a close call as to the elements of constructive possession being established, but this Court is not at liberty to reweigh the evidence.  That is the jury's role, and here, the State has produced sufficient evidence, when viewed in the light most favorable to the State, that a rational jury could find these two elements established beyond a reasonable doubt.

## CONCLUSION

For the foregoing reasons, we approve the Fifth District's decision in <u>Knight</u> and uphold his conviction for constructive possession.  We also approve the First District's decisions in <u>Evans</u> and <u>Cook</u> and the Fourth District's decision in <u>E.H.A.</u>  However, we disapprove the Second District's decisions in <u>P.M.M.</u>, <u>N.K.W.</u>, and <u>S.B.</u>

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, POLSTON, and PERRY, JJ., concur.
CANADY, J., concurs in result with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., concurring in result.

I agree with the majority that the Fifth District was correct in affirming Knight's conviction. But I disagree with the majority's decision to retain the reasonable-hypothesis-of-innocence special standard of review.

As Judge Lawson cogently explains, the special standard of review is both confusing and misleading. See Knight v. State, 107 So. 3d 449, 456-61 (Fla. 5th DCA 2013). It is a striking and inexplicable anomaly that we have rejected the reasonable-hypothesis-of-innocence jury instruction but have nonetheless retained the special standard of review. I agree with Judge Lawson that this anomaly in our jurisprudence should be corrected by eliminating the special standard of review.

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

    Fifth District - Case No. 5D11-2875

    (Orange County)

James S. Purdy, Public Defender, Robert Earl Wildridge, Assistant Public Defender, and Edward J. Weiss, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida,

    for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Wesley Harold Heidt, Bureau Chief, and Kristen Lynn Davenport, Assistant Attorney General, Daytona Beach, Florida,

    for Respondent