CIKLIN, C.J.
M.W. appeals the circuit court’s order finding him guilty of burglary of a structure, withholding adjudication, and placing him on probation. On appeal, the child argues that the special circumstantial evidence standard of review applies, that the evidence failed to establish that he intended to commit an offense inside the struc *730 ture—a school, and that the evidence failed to rebut his reasonable hypothesis of innocence. We disagree and affirm.
At around 5:50 in the morning, M.W. and four others triggered five separate alarms at a school. They were found in the closed and locked gymnasium with a TV, DVD player, movies, blankets, a lighter, lighter fluid, and burnt tennis balls. The gymnasium window was broken and there were burn marks on the gymnasium floor that were not there the previous week.
After being read his Miranda rights, M.W. admitted to being present when the others started a fire and to touching the lighter and bottles when the others handed them to him, but he denied otherwise participating, He stated that they all entered the building at night with personal belongings when they saw the gymnasium door open from across the street. The state charged M.W. in an amended petition with burglary of a structure, a third-degree felony.
During the non-jury trial, M.W. moved for a judgment of dismissal, arguing that the state established a prima facie case for trespass, but not burglary, and that the evidence did not negate the hypothesis of innocence. The trial court denied the motion. The circuit court found M.W. guilty and withheld adjudication. This appeal follows.
To prove the crime of burglary, the state was required to prove the following two elements beyond a reasonable doubt: (1) the juvenile entered a dwelling, a structure, or a conveyance not open to the public or that the juvenile was not licensed or invited to enter, and (2) at the time of entering the structure, the juvenile had the intent to commit an offense in that dwelling, structure,, or conveyance. See § 810.02, Fla. Stat. (2015).
M.W. contends that a circumstantial evidence standard of review applies which provides as follows:
A conviction cannot be sustained when the, only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, unless the evidence is inconsistent with any reasonable hypothesis of innocence. The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the trier of fact to determine. In order to survive a motion for judgment of acquittal, the state is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but is required only to introduce substantial, competent evidence which is inconsistent with the defendant’s theory of events. Once that threshold burden is met, it becomes the trier of fact’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence.
T.L.T. v. State, 53 So.3d 1100, 1102 (Fla. 4th DCA 2011) (internal citations omitted).
Because the evidence presented by the state was not wholly circumstantial, the circumstantial evidence standard of review does not apply. See Knight v. State, 186 So.3d 1005, 1010 (Fla.2016) (“[T]he circumstantial evidence standard of review applies only where all of the evidence of a defendant’s guilt ... is circumstantial, not where .any particular element of a crime is demonstrated exclusively by circumstantial evidence.”). When the circumstantial evidence standard of review does not apply, the court will review the trial court’s denial of a motion for judgment of acquittal de novo and reverse “only where the conviction is not supported by competent, substantial evidence.” Id. at 1012 (citation omitted). “The conviction is supported by sufficient evidence where a rational trier of fact could find the existence of the ele *731 ments of the crime beyond a reasonable doubt after viewing the evidence in- the light most favorable to the State.” Id. (citing Greenwade v. State, 124 So.3d 215, 220 (Fla.2013)).
“In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof is prima facie evidence of entering with intent to commit an offensé.” § 810.07(1), Fla. Stat. (2015). The presumption applies here, as the evidence established that M.W. entered the school building stealthily and without permission.
Because the trial court could determine that the child stealthily entered the gymnasium with an intent to commit a crime, there is no basis to reverse its determination. We note that during the defense’s case, M.W. testified that he was simply watching television at the gym. That testimony was not before the trial court when it ruled on the motion for judgment of dismissal at the close of the state’s case. In any event, the testimony did not overcome the statutory presumption of intent. See Thomas v. State, 655 So.2d 163, 164 (Fla. 4th DCA 1995) (“We cannot agree that the defendant’s self-serving statements concerning his allegedly innocent reasons for breaking and entering into the victim’s home in the early hours of the morning are sufficient to impair the statutory presumption created by section 810.07, Florida Statutes (1989), precluding the case from going to the jury.”).

Affirmed.

GERBER and LEVINE, JJ., concur.