# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3362
Lower Tribunal No. 21CF002296AOS

_____

JOHNCY SYLVAINCE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Osceola County.
John Marshall Kest, Judge.

April 4, 2025

McFEE, S.H., Associate Judge.

Johncy Sylvaince appeals his judgment and sentence after being found guilty as charged in a three-count information: Count 1, lewd or lascivious molestation (life felony—twenty-five-year minimum mandatory); Count 2, attempted sexual battery (first-degree felony); and Count 3, lewd or lascivious exhibition (second-degree felony). Sylvaince claims that the trial court erred when it denied his motion for judgment of acquittal on Counts 1 and 2 and additionally, that the information as to

Count 2 was fundamentally defective resulting in a conviction for an uncharged offense. No argument of error was raised as to Count 3.

We find merit only in Sylvaince's claim that his judgment and sentence in Count 1 for the crime of lewd or lascivious molestation under section 800.04(5)(b), Florida Statutes (2021), against a victim less than twelve years of age, was improper. As to Counts 2 and 3, the judgment is affirmed without further comment. We reverse and remand for the trial court to vacate the judgment on Count 1 for lewd or lascivious molestation under section 800.04(5)(b). On remand, the trial court should obtain a corrected scoresheet and pre-sentence investigation and resentence Sylvaince on Counts 2 and 3 based on the corrected scoresheet.

## Background

Sylvaince met the victim's mother, Q.R., in June or July of 2021. Q.R.'s four children lived with her in her home, including the victim, K.A.W., who was the eldest of the children and was nine years old at the time of trial. On August 11, 2021, Sylvaince came to Q.R.'s house around 7:00 p.m. K.A.W. was playing in the house with her siblings while her mother was outside mowing the grass. Sylvaince brought gifts for the children. After giving the children gifts, Sylvaince went into the bathroom by K.A.W.'s brother's room and then called K.A.W. by name to the bathroom telling her to "come here." When K.A.W. went to the bathroom, the light was on. Once K.A.W. was in the bathroom, Sylvaince closed and locked the door

2

and turned off the light. Sylvaince sat on the tub with his feet outside the tub and told K.A.W. to "go on [her] knees." Sylvaince took his pants and boxers off, and K.A.W. saw his "private" that was on Sylvaince's front. K.A.W. could see due to the light coming into the bathroom from under the door. When she saw Sylvaince's "private," K.A.W. ran out of the bathroom screaming. K.A.W. ran through the kitchen to the garage door to find her mother. K.A.W. told her mother what happened, and Q.R. called the police. K.A.W. told the police what happened. K.A.W. did not testify, nor was there any other evidence presented at trial that Sylvaince touched K.A.W. or that K.A.W. touched Sylvaince.

On August 12, 2021, Sylvaince was arrested on charges of lewd or lascivious exhibition by a person 18 years of age or older, pursuant to section 800.04(7)(b), and battery, pursuant to section 784.03. On September 8, 2021, the State filed a three-count information charging Sylvaince as follows: Count 1 – lewd or lascivious molestation, Count 2 – attempted sexual battery on a child under 12 years of age, Count 3 – lewd or lascivious exhibition. Sylvaince's trial was held on April 24-25, 2023. The State rested after testimony from its witnesses concluded, and the defense argued its first motion for judgment of acquittal as to Count 1 and Count 2. A second motion for judgment of acquittal was made as to Counts 1, 2, and 3 following the defense's formal resting of their case in which no witnesses were presented.

The defense claimed that a judgment of acquittal was required on Count 1 because the State presented no evidence that Sylvaince touched K.A.W. or that K.A.W. touched Sylvaince. The State argued to the trial court and now argues on appeal that a "touching" is not required under section 800.04(5)(a)-(b) and that the crime of lewd or lascivious molestation is complete upon the act of enticement alone.

The trial court denied Sylvaince's motions for judgment of acquittal, and the jury returned a verdict of guilty as to all counts. Sylvaince was adjudicated guilty and sentenced to the mandatory minimum term of imprisonment of twenty-five years in the Florida Department of Corrections on Count 1, followed by probation for life. Sylvaince was adjudicated guilty on Count 2 and sentenced to nineteen years in prison, followed by ten years of probation. On Count 3, Sylvaince was sentenced to nineteen years in prison. All counts were ordered to run concurrently.

## Law and Analysis

Sylvaince raised the legal sufficiency of the evidence presented by the State in each of his motions for judgment of acquittal. This Court reviews the denial of a motion for judgment of acquittal de novo, reversing only if the conviction is not supported by competent, substantial evidence. *Knight v. State*, 186 So. 3d 1005, 1012 (Fla. 2016) (citing *Greenwade v. State*, 124 So. 3d 215, 220 (Fla. 2013)); *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002). "The conviction is supported by sufficient evidence where a rational trier of fact could find the existence of the

4

elements of the crime beyond a reasonable doubt after viewing the evidence in the light most favorable to the State." *Knight*, 186 So. 3d at 1012; *see also Baugh v. State*, 961 So. 2d 198, 204 (Fla. 2007).

Section 800.04 sets forth a series of lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age. The legislature has designated the acts within section 800.04 that require physical contact and those that do not. In particular, four separate subsections of section 800.04 set forth the various crimes related to this type of lewd or lascivious behavior:

**(4) Lewd or lascivious battery.—**

(a) A person commits lewd or lascivious battery by:

1. Engaging in sexual activity with a person 12 years of age or older but less than 16 years of age; or

2. Encouraging, forcing, or enticing any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity.

(b) Except as provided in paragraph (c), an offender who commits lewd or lascivious battery commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

. . . .

**(5) Lewd or lascivious molestation.—**

(a) A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation.

5

(b) An offender 18 years of age or older who commits lewd or lascivious molestation against a victim less than 12 years of age commits a life felony, punishable as provided in s. 775.082(3)(a) 4.

. . . .

**(6) Lewd or lascivious conduct.—**

(a) A person who:

1. Intentionally touches a person under 16 years of age in a lewd or lascivious manner; or

2. Solicits a person under 16 years of age to commit a lewd or lascivious act

commits lewd or lascivious conduct.

(b) An offender 18 years of age or older who commits lewd or lascivious conduct commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

. . . .

**(7) Lewd or lascivious exhibition.--**

(a) A person who:

1. Intentionally masturbates;

2. Intentionally exposes the genitals in a lewd or lascivious manner; or

3. Intentionally commits any other sexual act that does not involve actual physical or sexual contact with the victim, including, but not limited to, sadomasochistic abuse, sexual bestiality, or the simulation of any act involving sexual activity

in the presence of a victim who is less than 16 years of age, commits lewd or lascivious exhibition.

(b) An offender 18 years of age or older who commits a lewd or lascivious exhibition commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

In this case, the arresting officer initially arrested Sylvaince and charged him with lewd or lascivious exhibition in violation of section 800.04(7)(b), a felony of the second degree and simple battery, a first-degree misdemeanor. The State subsequently filed a three-count information charging Sylvaince with the following:

Count 1 - lewd or lascivious molestation, a felony punishable by life with a twenty-five year minimum mandatory.
Count 2 - attempted sexual battery, a first-degree felony.
Count 3 - lewd and lascivious exhibition, a second-degree felony.

By its charging decision in Count 1, lewd and lascivious molestation, the State chose to move forward and accept the burden of proving each of the elements set forth in section 800.04(5)(a)-(b), which reads as follows:

**(5) Lewd or lascivious molestation.—**

(a) A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, *or forces or entices a person under 16 years of age to so touch the perpetrator*, commits lewd or lascivious molestation.

(b) An offender 18 years of age or older who commits lewd or lascivious molestation against a victim less than 12 years of age commits a life felony, punishable as provided in s. 775.082(3)(a) 4.

(Emphasis added).

7

The undisputed evidence in this case shows that Sylvaince did not touch in a lewd or lascivious manner the child's breasts, genitals, genital area, or buttocks or clothing that covered them. Further, the undisputed evidence is that the child, K.A.W., did not touch the breasts, genitals, genital area, or buttocks of Sylvaince in a lewd or lascivious manner. Nonetheless, the State claims that by having the victim come into the bathroom and instructing her to "go on [her] knees," Sylvaince "enticed" the victim "to so touch" Sylvaince and that this action violated section 800.04(5). The State maintains that it is not required to show an actual touching under the statute. This position, however, is inconsistent with the plain language of the statute.

When interpreting statutes, the Florida Supreme Court has instructed the lower courts to "follow the 'supremacy-of-text principle'- namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'" *Ham v. Portfolio Recovery Assocs.*, 308 So. 3d 942, 946 (Fla. 2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)). "The 'plain meaning of the statute is always the starting point in statutory interpretation.'" *Alachua Cnty. v. Watson*, 333 So. 3d 162, 169 (Fla. 2022) (quoting *GTC, Inc. v. Edgar*, 967 So. 2d 781, 785 (Fla. 2007)).

"[W]hen there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series." Scalia & Garner, *supra*, at 147 ("Series-Qualifier Canon").

Based on the charge brought in this case of lewd or lascivious molestation under section 800.04(5)(a), the postpositive modifier "to so touch" modifies the preceding verbs "forces or entices" and these actions, in turn, follow the first prohibition contained in section 800.04(5)(a) of "[a] person *who intentionally touches in a lewd or lascivious manner . . . ." Id.* (emphasis added). The evidence presented at trial and the State's argument failed to establish that a lewd or lascivious touching occurred either by Sylvaince or by the child. There are no acts listed in section 800.04(5)(a) for which physical contact is not required.

To read section 800.04(5)(a) in a way that eliminates the "touching" requirement would be to read out of the statute the words "to so touch" following the words "forces or entices a person." "A fundamental canon of statutory construction is that courts must endeavor to give meaning to each word and phrase contained in statute or rule, and 'courts should avoid readings that would render part of a statute meaningless.'" *Patino v. State*, 390 So. 3d 164, 168 (Fla. 3d DCA 2024) (quoting *Unruh v. State*, 669 So. 2d 242, 245 (Fla. 1996)); *see also United States v. Butler*, 297 U.S. 1, 65 (1936) ("These words cannot be meaningless, else they would not have been used."); *Barco v. Sch. Bd. of Pinellas Cnty.*, 975 So. 2d 1116, 1121

(Fla. 2008); Scalia & Garner, *supra*, at 174 ("Surplusage Canon: If possible, every word and every provision is to be given effect (*verba cum effectu sunt accipienda*). None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.").

The legislature included the words "to so touch" in section 800.04(5)(a); therefore, those words must be given effect.

Moreover, the State's interpretation of section 800.04(5)(a) wherein enticement alone, without any touching, is sufficient to violate the statute is also belied by the language of section 800.04(6)(a). Section 800.04(6)(a)2 specifically and independently criminalizes an act where "a person solicits a person under 16 years of age to commit a lewd or lascivious act." The charge of lewd and lascivious molestation under section 800.04(5)(a) does not include the word "solicits" in its prohibition. If solicitation to commit the act was sufficient for the completion of a violation of section 800.04(5)(a), the language of the statute would have so stated as it did in the very next section of 800.04.

### Conclusion

Because the State failed to present any evidence in its case-in-chief that a lewd or lascivious "touching" occurred either by Sylvaince of the child or by the child of Sylvaince, the trial court erred in failing to grant the defense's motion for judgment of acquittal on Count 1. Thus, we are compelled to reverse the conviction on that

10

count.  We affirm the convictions on Counts 2 and 3.  We remand to the trial court to vacate the judgment and sentence, obtain a corrected scoresheet and pre-sentence investigation, and resentence Sylvaince on Counts 2 and 3 based on the corrected scoresheet.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

MIZE and BROWNLEE, JJ., concur.


William R. Ponall and Eric J. Sorice, of Ponall Law, Maitland, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Stephen R. Putnam, Jr., Assistant Attorney General, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED