# Third District Court of Appeal
## State of Florida

Opinion filed April 22, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0485
Lower Tribunal No. F20-5503B
_____

**George Walton,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kristin Kawass, Assistant Regional Counsel, for appellant.

James Uthmeier, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for appellee.

Before FERNANDEZ, LOGUE and GORDO, JJ.

PER CURIAM.

Affirmed. See Bush v. State, 295 So. 3d 179, 200-01 (Fla. 2020) ("The standard of review historically applied to a determination of the legal sufficiency of evidence to support a criminal conviction, at least where there is some direct evidence, is simply whether the State presented competent, substantial evidence to support the verdict. Tibbs v. State, 397 So. 2d 1120, 1123 (Fla. 1981); Spinkellink v. State, 313 So. 2d 666, 671 (Fla. 1975). To apply this standard to a criminal case, an appellate court must 'view[ ] the evidence in the light most favorable to the State' and, maintaining this perspective, ask whether 'a rational trier of fact could have found the existence of the elements of the crime beyond a reasonable doubt.' Rogers v. State, 285 So. 3d 872, 891 (Fla. 2019) (quoting Bradley v. State, 787 So. 2d 732, 738 (Fla. 2001)); see also Tibbs, 397 So. 2d at 1123 ('[T]he concern on appeal must be whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and the judgment.'); accord De Groot v. Sheffield, 95 So. 2d 912, 916 (Fla. 1957) (defining '[s]ubstantial evidence' as 'such relevant evidence as a reasonable mind would accept as adequate to support a conclusion' and instructing that evidence is 'competent' if it is 'sufficiently relevant and material'). This standard should now be used in all cases where the

2

sufficiency of the evidence is analyzed."); Johnston v. State, 863 So. 2d 271, 283 (Fla. 2003) ("There is sufficient evidence to sustain a conviction if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt."); Garcia v. State, 373 So. 3d 1213, 1222 (Fla. 3d DCA 2023), rev. denied, No. SC2023-0668, 2023 WL 6389749 (Fla. Sept. 29, 2023) ("This standard of appellate review applies regardless of whether, at trial, the State presented only purely circumstantial evidence of guilt as to the charge crime."); State v. Shearod, 992 So. 2d 900, 904 (Fla. 2d DCA 2008) ("The State met its threshold burden of producing evidence on every element of the crime charged, overcoming the motion for judgment of acquittal and permitting the questions of credibility to be resolved by the jury."); Knight v. State, 107 So. 3d 449, 463 (Fla. 5th DCA 2013), approved, 186 So. 3d 1005 (Fla. 2016) ("[T]he state is admittedly relying on circumstantial evidence to prove the knowledge element. But, of course, state of mind elements such as knowledge, intent or premeditation are usually established through circumstantial evidence."); Calloway v. State, 210 So. 3d 1160, 1199 (Fla. 2017) ("[I]t is the duty of the jury, not [the appellate] Court, to weigh conflicting evidence.").