WEBSTER, J.
Appellant seeks review of his conviction for “intentionally committing] an act to an[ ] animal which resulted] in the ... excessive or repeated infliction of unnecessary pain or suffering” in violation of section 828.12(2), Florida Statutes (1997). He claims that (1) section 828.12(2) is facially unconstitutional because it does not include a specific intent element. In the alternative, he claims that, assuming specific intent is an element of the offense, (2) his motion for a judgment of acquittal should. have been granted because the state failed to present a prima facie case as to intent; (3) the information is fundamentally defective because it does not allege that he acted with specific intent; and (4) the trial court committed fundamental error when it gave a jury instruction on the elements of the offense that did not include a specific intent element. We conclude that (1) section 828.12(2) requires only general intent; and (2) the lack of a specific intent element does not render the statute facially unconstitutional. Accordingly, we affirm.
Section 828.12(2), Florida Statutes (1997), reads:
(2) A person who intentionally commits an act to any animal which results in the cruel death, or excessive or repeated infliction of unnecessary pain or suffering, or causes the same to be done, is guilty of a felony of the third degree, punishable as provided in s. 775.082 or *511 by a fine of not more than $10,000, or both.
As appellant correctly notes, the clear language of the statute requires only that one “intentionally commit[ ] an act to any animal which results in the cruel death, or excessive or repeated infliction of unnecessary pain or suffering” to be guilty of the offense. It does not require that one commit an act intending to cause a cruel death or excessive or repeated unnecessary pain or suffering. Historically, the former has been called a “general intent” crime, and the latter has been called a “specific intent” crime. The distinction has been explained as follows:
A “general intent” statute is one that prohibits either a specific voluntary act or something that is substantially certain to result from the act.... A person’s subjective intent to cause the particular result is irrelevant to general intent crimes because the law ascribes to him a presumption that he intended such a result....
[[Image here]]
Specific intent statutes, on the other hand, prohibit an act when accompanied by some intent other than the intent to do the act itself or the intent (or presumed intent) to cause the natural and necessary consequences of the act.... The existence of a subjective intent to accomplish a particular prohibited result, as an element of a “specific intent” crime, is perhaps most clearly evident in the crime of first degree, premeditated murder.
Linehan v. State 442 So.2d 244, 247-48 (Fla. 2d DCA 1983) (en banc), approved as to result only, 476 So.2d 1262 (Fla.1985). See also Frey v. State, 708 So.2d 918 (Fla.1998) (discussing the distinctions between general and specific intent crimes).
The fact that section 828.12(2), Florida Statutes (1997), requires only general, rather than specific, intent does not, as appellant argues, necessitate the conclusion that the statute is unconstitutional. (We note that appellant fails to identify any particular provisions of either the state or the federal constitution that are supposedly violated by this statute.) Our supreme court has held:
It is within the power of the legislature to declare conduct criminal without requiring specific criminal intent to achieve a certain result; that is, the legislature may punish conduct without regard to the mental attitude of the offender, so that the general intent of the accused to do the act is deemed to give rise to a presumption of intent to achieve the criminal result....
The question of whether conviction of a crime should require proof of a specific, as opposed to a general, criminal intent is a matter for the legislature to determine in defining the crime. The elements of a crime are derived from the statutory definition.
State v. Gray, 435 So.2d 816, 819-20 (Fla.1983). The legislature has, by plain language, declared that one is guilty of the crime proscribed by section 828.12(2) regardless of whether he or she acted with the specific intent to inflict upon an animal a cruel death or excessive or repeated unnecessary pain or suffering. We hold that section 828.12(2) is not unconstitutional because it lacks a specific intent element.
Our resolution of appellant’s first claim of error moots his remaining claims. Accordingly, we affirm.
AFFIRMED.
MINER and KAHN, JJ., concur.