976 So.2d 1225 (2008)
Emannuel CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1567.
District Court of Appeal of Florida, Fourth District.
March 26, 2008.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, Emannuel Clark, was convicted of possession of a firearm by a convicted felon and resisting an officer without violence. His motions for judgment of acquittal were denied as to each charge and appellant appeals. We affirm without discussion the denial of the motion as to the possession charge. We reverse appellant's conviction for resisting an officer without violence.
On July 28, 2005, at 11:00 P.M., a number of deputies in two or more unmarked vehicles drove into the parking lot of a pool hall in Fort Pierce through two separate entrances. They were not responding to a call or looking for appellant that night and they were wearing vests which had "sheriff" marked only on the back. As Deputy Jadin drove past the building, he saw a group of four to six people standing at the north end of the parking lot. He immediately saw a person run away from the group just as his vehicle stopped. The person, appellant, ran across the parking lot, through Deputy Jadin's vehicle's headlights and toward a fence. Appellant had his hand in his waistband and when he reached the fence he dropped something which Deputy Jadin could not identify at that point. Deputy Jadin did not identify himself or order appellant to stop. Appellant *1226 jumped the fence and disappeared. Deputy Jadin went to the location where appellant dropped the object and found a firearm. The deputies set up a perimeter and appellant was found and arrested.
In appellant's motion for judgment of acquittal, he argued, inter alia, that the state failed to prove that he knew the officer intended to detain him. In Mosley v. State, 739 So.2d 672 (Fla. 4th DCA 1999), this court held:
"To support a conviction under section 843.02, the state must show: (1) the officer was engaged in the lawful execution of a legal duty; and (2) the action by the defendant constituted obstruction or resistance of that lawful duty." If the officer has either reasonable suspicion to stop the defendant, or probable cause for arrest, the element of the lawful execution of a legal duty is satisfied. The defendant is correct that "[f]light, standing alone, does not constitute obstructing an officer nor does it give rise to a well-founded suspicion of criminal activity." "An individual may be guilty of unlawfully obstructing an officer if he flees while knowing of the officer's intent to detain him and the officer is justified in making a stop pursuant to the Stop and Frisk Statute."
Id. at 675 (citations omitted). The Second District stated the law as follows:
To prove obstruction of an officer without violence, the State must establish that the defendant fled from the officer with knowledge of the officer's intent to detain him and that the officer was justified in making the detention based on a founded suspicion that the defendant was engaged in criminal activity.
E.A.B. v. State, 851 So.2d 308, 311 (Fla. 2d DCA 2003).
Deputy Jadin testified that appellant started to run the moment the unmarked law enforcement vehicles turned into the parking lot. Appellant passed in front of Deputy Jadin when his vehicle was stopped and he was getting out of the vehicle. When appellant neared the fence, he dropped something that Deputy Jadin thought might be a gun but he was not sure. Deputy Jadin did not tell appellant to stop. Appellant jumped the fence and disappeared. The evidence does not prove appellant had knowledge that Deputy Jadin or any other officer intended to detain him.
Because the state failed to prove every element of the crime, the trial court should have granted appellant's motion for judgment of acquittal. We reverse and remand for entry of a judgment of acquittal on the charge of resisting an officer without violence. We affirm appellant's conviction for possession of a firearm by a convicted felon.
Affirmed in Part; Reversed in Part.
KLEIN and DAMOORGIAN, JJ., concur.