ROWE, J.
Brent Lukaszewski appeals his conviction and sentence for felony cruelty to animals in violation of section 828.12(2), Florida Statutes (2011). Lukaszewski argues that the trial court erred in ruling the evidence was sufficient to deny his motion for judgment of acquittal, asserting that 1) the evidence was insufficient to show that his actions were not necessary as discipline or training of his dog; and 2) the evidence was insufficient to show repeated infliction of unnecessary pain or suffering. We affirm Lukaszewski’s conviction and sentence, holding that the evidence in this case was legally sufficient for the jury to find that the elements of the crime were met.
A trial court’s ruling on a motion for judgment of acquittal is reviewed de novo. Gibson v. State, 940 So.2d 1263, 1265 (Fla. 1st DCA 2006) (citing Pagan v. State, 830 So.2d 792, 803 (Fla.2002)). In reviewing a trial court’s denial of a motion for judgment of acquittal, the appellate court must consider the evidence and all reasonable inferences from the evidence in a light most favorable to the state. Id. “Legal sufficiency alone, as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.” Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981). Where the state has presented evidence to support each element of the crime, a motion for judgment of acquittal must be denied. See State v. Williams, 742 So.2d 509, 511 (Fla. 1st DCA 1999).
To establish the elements of felony cruelty to animals under section 828.12(2), Florida Statutes (2011), the state was required to present competent substantial evidence to show that Lukaszewski committed an intentional act which resulted in “the excessive or repeated infliction of unnecessary pain or suffering” to the dog. See Fla. Std. Jury Instr. (Crim.) 29.13. Section 828.12(2), provides that “[a] person who intentionally commits an act to any animal which results in the cruel death, or excessive or repeated infliction of unnecessary pain or suffering, or causes the same to be done, is guilty of a felony of the third degree....” Because section 828.12(2) is a general intent statute, it does not require intent to be cruel, but only intent to commit the act that results in the cruelty. Reynolds v. State, 784 So.2d 509, 511 (Fla. 1st DCA 2001).
Lukaszewski’s neighbor, an eyewitness, testified that he heard a dog whining and yelping and that it sounded like an animal in distress. He went to see what was going on after about ten minutes of yelling and barking, and he “saw the dog was tied up, hanging on — just standing on two feet, was tied up around the neck, on [what] looked like an old washing pole for the backyard, and just had [the dog] tied up by the collar, and it was hanging there.” The neighbor testified that he saw Lukaszewski strike the dog in the ribs with a two by four, and the dog looked scared and “in a good bit of pain” while she was hanging there. The neighbor testified that when he confronted Lukaszew-ski about abusing his dog, Lukaszewski replied that it was his dog and he could do with it as he pleased.
*214 An investigating officer testified that Lukaszewski told him that his dog went to the bathroom on the floor and he could not let that go; he took the dog outside, put a rope around the dog’s neck, and hung the rope over a tree limb; he cinched the rope tightly enough to keep the dog from escaping; and then he “spanked the dog on the butt with a piece of two by four.” Lukasz-ewski testified at trial that he took the dog outside and “smacked him” with either a “two by four or a two by two piece of construction debris” after the dog defecated in the house; he cinched the dog in order to keep the dog from getting away from him; and the dog-yelped a couple of times when he “spanked” him.
Another officer testified that the dog was elderly, limping, and moving slowly, and that the dog had blood in her mouth and several lacerations to her body. An animal control officer testified that the dog had cuts on her legs. The veterinarian who examined the dog testified that the dog had a bruise on the side of her head and a bruise on her leg and that she was most likely struck more than once because of the physical separation of the areas of bruising on the head and on the front leg. The veterinarian also testified that the injuries to the leg and the head were too far apart on the dog’s body to have occurred from only one strike.
There was testimony that the dog yelped more than once and was struggling to get free, that the dog had its tail tucked and its legs were shaking, and that the dog was suffering or injured. There was testimony that Lukaszewski’s yelling and the dog’s barking continued over a period of at least ten minutes.
The defense moved for a judgment of acquittal, arguing that the state had failed to show that the alleged abuse was not necessary for discipline of the dog or that there was repeated infliction of unnecessary pain or suffering. In moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also admits all conclusions favorable to the adverse party that a jury might “fairly and reasonably infer from the evidence.” See, e.g., State v. Williams, 742 So.2d 509, 511 (Fla. 1st DCA 1999) (citing Lynch v. State, 293 So.2d 44, 45 (Fla.1974)). Here, the trial court denied the motion on the basis that there was sufficient evidence for the jury to decide the question of whether the alleged abuse was unnecessary, and on the basis that because “the instruction and the information are written in the disjunctive,” the state could prove either “excessive or repeated” infliction of pain or suffering from the evidence presented to the jury.
We agree with the trial court and find the state presented competent substantial evidence for the jury to determine whether the alleged abuse was unnecessary and whether the alleged abuse was excessive or repeated infliction of pain or suffering in violation of section 828.12(2).
We, therefore, AFFIRM Lukaszewski’s judgment and sentence for felony cruelty to animals.
BENTON, C.J., and MARSTILLER, J„ concur.