PER CURIAM.
Appellant, Janiel Molina Perez, appeals his convictions and sentences for burglary with a battery, aggravated battery, and resisting an officer without violence. We agree with Appellant that the trial court erred in denying his motion for judgment of acquittal on the resisting an officer without violence charge and, therefore, reverse that conviction. We reject Appellant’s double jeopardy argument and otherwise affirm.
Based upon the State’s evidence, Appellant and three other men burglarized an occupied dwelling. During the burglary, the victim was beaten with a baseball bat and a gun. In the days that followed, law enforcement went to a certain house not knowing if Appellant and another individual who was suspected of being involved in the crimes were there. Four law enforcement officers arrived at the house in a gray, full-size pick-up truck that was described by an investigator as “not a law enforcement-type vehicle.” There was no *1100 evidence presented as to whether the officers were in uniform or in plain clothes. When the officers arrived at the house, Appellant and another individual ran from the back door. Appellant stopped in the yard, and the other man climbed the fence but later “came walking back out [of the woods] on his own volition.” The State acknowledges on appeal that there was no testimony as to exactly what the officers said to the two men when they ran from the dwelling. Appellant and his co-defendant moved for a judgment of acquittal. The trial court denied the motion, agreeing with the prosecutor that orders to stop had been given. The jury found Appellant guilty, and this appeal followed.
A trial court’s ruling on a motion for judgment of acquittal is reviewed on appeal de novo. Ridgeway v. State, 128 So.3d 935, 936 (Fla. 1st DCA 2013). The question presented by such a motion is whether, in a light most favorable to the State, the evidence is legally adequate to support the charge. Id. If competent, substantial evidence is presented to support a conviction, an appellate court generally will not reverse the denial of a motion for judgment of acquittal. Id. In reviewing a trial court’s denial, an appellate court must consider the evidence and all reasonable inferences from the evidence in a light most favorable to the State. Lukaszewski v. State, 111 So.3d 212, 213 (Fla. 1st DCA 2013).
Section 843.02, Florida Statutes (2011), provides in part that “[wjhoever shall resist, obstruct, or oppose any officer ... without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree .... ” To support a conviction of obstruction without violence, the State must prove: (1) the officer was engaged in the lawful execution of a legal duty; and (2) the defendant’s action, by his words, conduct, or combination thereof, constituted obstruction or resistance of that lawful duty. C.E.L. v. State, 24 So.3d 1181, 1185-86 (Fla.2009). Flight, standing alone, is insufficient to form the basis of this offense. Id. at 1186. To be guilty of the offense, an individual who flees must know of the officer’s intent to detain him, and the officer must be justified in making the stop at the point when the command to stop is issued. Id.
Contrary to the trial court’s determination, the State did not present any evidence that law enforcement directed Appellant to stop either before or after he fled. While the State argues that it can be assumed, based upon the fact that Appellant stopped in the yard, that law enforcement directed Appellant to stop, it was the State’s burden to prove the elements of the offense by competent, substantial evidence, not through assumptions. We, therefore, conclude that the trial court erred in denying Appellant’s motion for judgment of acquittal on the offense of resisting an officer without violence. See O.B. v. State, 36 So.3d 784, 788 (Fla. 3d DCA 2010) (holding that the trial court erred in finding the appellant guilty of resisting an officer without violence because there was no evidence that the appellant heard any order to stop); S.B. v. State, 31 So.3d 968, 970 (Fla. 4th DCA 2010) (holding that the State failed to prove every element of the offense of resisting an officer where, although the appellant fled upon seeing the officers, there was no command to stop by the officers at the time the appellant fled); Clark v. State, 976 So.2d 1225, 1225-26 (Fla. 4th DCA 2008) (reversing the appellant’s conviction for resisting an officer without violence because although the appellant ran when unmarked police vehicles pulled into the parking lot of a pool hall, the deputy did not tell the appellant to stop). Cf. *1101 State v. Garcia, 126 So.3d 419, 419-20 (Fla. 2d DCA 2013) (holding that the police, who exited a van wearing “Sheriff’ vests and yelling “Sheriffs Office,” had probable cause to arrest the appellee for resisting or obstructing an officer without violence based on his failure to cease his headlong flight in response to the officers’ directions for him to do so, which were made while the officers were chasing him). Although there may be a case where the surrounding circumstances could establish knowledge of law enforcement’s intent to detain without a command to stop, this is not such a case.
Appellant also argues on appeal that his convictions for burglary with a battery and aggravated battery violate the prohibition against double jeopardy. As Appellant acknowledges, however, this argument has previously been rejected. See Billiot v. State, 711 So.2d 1277, 1278 (Fla. 1st DCA 1998) (rejecting the argument that the appellant’s convictions for burglary with a battery and aggravated battery violated the prohibition against double jeopardy); see also Irizarry v. State, 905 So.2d 160, 167 (Fla. 3d DCA 2005) (rejecting the argument that the appellant’s convictions for burglary with a battery and aggravated battery violated the prohibition against double jeopardy); State v. Reardon, 763 So.2d 418, 419 (Fla. 5th DCA 2000) (en banc) (holding that there is no statutory or constitutional bar to the entry of convictions of aggravated battery and burglary with a battery- arising out of the same criminal episode); Washington v. State, 752 So.2d 16, 17 (Fla. 2d DCA 2000) (rejecting the argument that the convictions for burglary with a battery and aggravated battery violated the prohibition against double jeopardy).
Accordingly, we AFFIRM the convictions for battery with a burglary and aggravated battery, REVERSE the conviction for resisting an officer without violence, and REMAND.
LEWIS, C.J., WOLF and MAKAR, JJ., concur.