MARSTILLER, J.
Seeking reversal of his convictions and sentences for (1) selling, manufacturing, delivering, or possessing cocaine with the intent to sell, manufacture or deliver, (2) possession of less than 20 grams of cannabis, (3) trafficking in more than 4 grams but less than 14 grams of oxycodone, (4) trafficking in more than 14 grams but less than 28 grams of hydrocodone, and (5) possession of drug paraphernalia, Appellant Octavius Mauketh Knight argues he should have gotten a judgment of acquittal becausé the State put on insufficient evidence to establish that he had dominion and control over the illicit substances. We disagree, and affirm.
*992 At trial, Appellant raised the question of dominion and control because the State’s case was built entirely on circumstantial evidence that he had constructive possession of the illegal drugs and paraphernalia. On July 25, 2012, Okaloosa County Sheriffs Office investigators had conducted a search of a two-bedroom apartment rented by Appellant’s sister, Melissa Redding, where Appellant had visited and had stayed overnight approximately five times between June and July 2012.[1] During his overnight visits, Appellant slept in the “front” bedroom. In that room, investigators found the following:
• In plain view on the entertainment center, items consistent with distribution of controlled substances: a digital scale with cocaine residue on it; a digital scale box; a corn can fashioned into a crack-cocaine cookie press; a can of baking soda; a metal mallet commonly used to break hardened clumps or packages of cocaine into cocaine powder; a box of sandwich bags and small baggies; and a “food saver roll” commonly used to heat shrink packages containing controlled substances. Also on the entertainment center, a marijuana cigar.
• Inside the entertainment center, an Enterprise Rent-A-Car rental agreement dated July 20, 2012, in Appellant’s name and bearing his signature.
• Inside a three-drawer Tupperware box at the foot of the bed, a plastic baggie containing cocaine, and a set of safety deposit keys later determined to be for a safety deposit box Appellant owned containing $10,200 wrapped in rubber bands.
• Near the bed, “tax documents” and a claim for lost wages, all bearing Appellant’s name.
• In' the closet, a trash bag containing heat-sealed plastic baggies, each with one corner cut off, consistent with the sale of controlled substances, and Appellant’s Delta Airlines boarding pass for flights taken July 19 and 20, year not shown.
• Also in the closet, a shoebox containing prescription medication bottles bearing a name other than Appellant’s, with 20 hydrocodone and 68 oxycodone pills inside; a substance suspected of being marijuana; rubber bands; two Bank of America ATM receipts later connected to Appellant’s bank account; a glass jar containing marijuana residue; and several plastic baggies containing either cocaine, crack cocaine or cocaine residue.
Appellant’s fingerprint was found on one of the baggies with cocaine inside.
Appellate courts apply the de novo standard of review to a trial court’s denial of a motion for judgment of acquittal. See Pagan v. State, 830 So.2d 792, 803 (Fla.2002). In so doing, we “must consider the evidence and all reasonable inferences from the evidence in a light most favorable to the State.” Perez v. State, 138 So.3d 1098, 1100 (Fla. 1st DCA 2014) (citing Lukaszewski v. State, 111 So.3d 212, 213 (Fla. 1st DCA 2013)). Where, as here, a conviction is based wholly on circumstantial evidence, the conviction “cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” Beasley v. State, 774 So.2d 649, 657 (Fla.2000) (quoting State v. Law, 559 So.2d 187, 188 (Fla.1989)). The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the verdict, the reviewing court will not reverse. Id.
*993 All of the offenses Appellant was tried for and convicted of hinge on proof that he possessed the illicit drugs and drug paraphernalia. “Proof of possession of a controlled substance may be actual or constructive.” Taylor v. State, 13 So.3d 77, 80 (Fla. 1st DCA 2009). Constructive possession exists where the accused . does not have physical-possession of the contraband but knows of its presence on or about the premises, and can maintain dominion and control over it. Evans v. State, 32 So.3d 188, 189 (Fla. 1st DCA 2010) (citing Brown v. State, 428 So.2d 250, 252 (Fla.1983)). This was undisputedly a constructive possession case. Proof of guilt based on constructive possession requires the State to prove (1) the defendant had dominion and control over the contraband, (2) he had knowledge the contraband was within his presence, and (3) he had knowledge of the illicit nature of the contraband. Robinson v. State, 936 So.2d 1164, 1166 (Fla. 1st DCA 2006). When the contraband is found in a place the defendant has joint, as opposed to exclusive, possession of, the State can prove constructive possession with circumstantial evidence from which a jury might properly infer that the defendant knew the contraband was present. Id. at 1167.
Here, the State presented evidence of cocaine, crack cocaine, marijuana, Hy-drocodone pills, Oxycodone pills and a host of items used in distributing 'and selling illicit drugs, all found in close proximity to, or in the same containers with, personal items of Appellant’s. Notably, the shoe box, found in the closet of the bedroom Appellant frequently slept in, which contained the pills and baggies with cocaine and crack cocaine in them also contained ATM receipts from Appellant’s bank account. In the same closet was the trash bag with heat-sealed plastic bags of the type used in drug sales which also contained Appellant’s airplane boarding pass bearing dates that appeared to coincide with the date of a car rental agreement found in the entertainment center in the bedroom. And importantly, Appellant’s fingerprint was found on one of the baggies containing cocaine that investigators found in the shoe box. We conclude this evidence, taken together and viewed in the light most favorable to the State, was sufficient to prove Appellant’s constructive possession of the contraband and to exclude any reasonable hypothesis that Appellant had no knowledge of the presence and nature of the contraband in the bedroom. Cf. Jackson v. State, 995 So.2d 535, 540 (Fla. 2d DCA 2008) (“An inference of knowledge and dominion and control may also arise where the contraband located in jointly occupied premises is found in or about other personal property which is shown to be owned or controlled by the defendant.”); State v. Holland, 975 So.2d 595, 598 (Fla. 2d DCA 2008) (noting that the discovery of contraband “in close proximity to Holland’s [health insurance] card and other belongings” was “direct evidence connecting Holland to the contraband from which a jury could infer actual knowledge”). Accordingly, we affirm Appellant’s convictions and sentences.
AFFIRMED.
WOLF and LEWIS, JJ., concur.

. The legality of the search is not an issue in this appeal.