MARSTILLER, J.
Nicholas Rudin petitions this court for a writ of prohibition to prevent the circuit court from conducting criminal proceedings against him on a charge of aggravated battery with a deadly .weapon. He argues he is immune from prosecution under section 766.032, Florida Statutes, and the lower court erred by denying his motion to dismiss. We conclude the court ruled correctly.
Rudin used deadly force against his father — stabbed him with a knife — when, during an argument, the father swung a stick at Rudin’s head. The father testified that the argument began at his home, and that during the argument, he armed himself with a stick for protection because Rudin had punched him in a previous altercation. The stick was about two inches wide and four feet long. The argument broke off when Rudin left his father’s house. But as he left he ripped the canvas cover on the father’s truck. Seeing this, the father, still armed with his stick, drove after Rudin down the street to the home of Jackie Sykes, Rudin’s paternal grandmother. The father testified that he went there intending only to retaliate by damaging Rudin’s vehicle, Before he could do so, however, Rudin .started coming’ toward him and he swung the stick at Rudin’s head to stop the approach. He testified “[Rudin’s] a big kid, and he was. yelling, he was very mad at the tíme so, you know, I didn’t know' what he was going to do, actually.” ; Rudin. blocked the swing, then grabbed the stick and simultaneously stabbed his father. In the process, Rudin sustained minor injuries to his left hand and wrist. Without making any specific factual findings, the trial court determined that Rudin failed to establish immunity from prosecution under- section 776.032 by a preponderance of the evidence.
Florida law'on the justifiable use of deadly force provides:
A person is justified in using or threatening to use deadly force if he or she reasonably believes that using or threatening to use such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or-to prevent the imminent commission of a forcible felony. A person who uses or threatens to’ use deadly force in accordance with this subsection does not have a duty to retreat and has the right to stand his or her ground if the person using or threatening to use the deadly force is not engaged in a criminal activity and is in place .where he or she has a right to be.
§ 776.012(2), Fla. Stat. (2014). Section 776.032 provides further that a person who uses deadly force as permitted in section 776.012 is justified in such conduct and is immune from criminal prosecution so long as the person against whom the force was used was not a law enforcement officer. § 776.032(1), Fla. Stat. (2014). When a defendant raises, a claim of statutory immunity before' trial, the trial court must determine whether the defendant has shown by a preponderance of the evidence *726 that the immunity attaches. Peterson v. State, 983 So.2d 27, 29 (Fla. 1st DCA 2008).
To establish he is immune from prosecution for using deadly force against his father, Rudin had to show such force was necessary (1) to prevent iniminónt death or great bodily harm to himself, or (2) to prevent the imminent commission of a forcible felony. We see nothing in the father’s'testimony to support a finding that Rudin was at risk of imminent death or great bodily harm when he stabbed his father. Indeed, the force with which the father wielded the two-inch wide, four-foot long stick was such that it only caused minor injuries to Rudin’s hand and wrist. See Smith v. State, 969 So.2d 452, 455 (Fla. 1st DCA 2007) (distinguishing great bodily harm from “slight, trivial, minor, or moderate harm”). Moreover, Rudin did not testify at the motion hearing, and thus, there is no evidence he thought he was in danger of imminent death or great bodily harm.
Rudin also argues he was justified in using deadly force because father was about to commit a forcible felony— specifically, aggravated battery. See § 776.08, Fla. Stat. (20Í4) (designáting aggravated battery as a forcible, felony). A person commits aggravated battery when, in committing a battery, he or she (1) intentionally or knowingly causes great bodily harm, permanent disability or permanent disfigurement, or (2) uses a deadly weapon. § 784.045(l)(a), Fla. Stat. (2014). As we’ve said, the father caused Only minor injuries to Rudin. And he testified he intended only to keep Rudin at bay when he swung the stick, not to seriously hurt his son. Thus, the evidence does not show actual or intended infliction of great bodily harm. As to whether the father’s stick was a deadly weapon, an item is considered a deadly weapon for purposes of the aggravated battery statute if it is likely to cause great bodily harm when used in the ordinary manner contemplated by its design and construction or because of the way it is used during a crime. Smith, 969 So.2d 454-55. “Whether or not an object is a deadly weapon is not to be determined upon its capability of producing death but rather on its likelihood to produce death or great bodily injury.” Forchion v. State, 214 So.2d 751, 752 (Fla. 3d DCA 1968). Importantly, the determination of whether an item is a deadly weapon is an issue for the trier of fact. Dale v. State, 703 So.2d 1045, 1047 (Fla.1997); D.C. v. State, 567 So.2d 998, 1000 (Fla. 1st DCA 1990). And the competent, substantial evidence in the record supports the trial, court’s implicit finding that the stick as used by the father against Rudin was not a deadly weapon.
For these reasons,’ the trial court did not err in denying Rudin’s motion to dismiss. The petition for writ of prohibition is therefore DENIED, but without prejudice to Rudin asserting justifiable use of deadly force as a defense at trial. See Peterson, 983 So.2d at 29.
THOMAS, J., concurs; BILBREY, J., CONCURS WITH OPINION.