DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH BROWN, III,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-605

[June 29, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Elizabeth Metzger, Judge; L.T. Case No. 432013CF000775B.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant appeals after his convictions for burglary of an occupied dwelling, third degree grand theft, and resisting an officer without violence. The defendant argues that the trial court erred in denying his motion for judgment of acquittal on the resisting without violence charge. We agree with the defendant that insufficient evidence existed to prove he knew of the police's intent to detain him. Thus, we reverse the defendant's resisting without violence conviction. We affirm on all other arguments.

The state presented the following evidence at trial. The victim was home at about 1:00 pm, when he heard several knocks at the front door, and the doorbell ringing. When the victim went to see who was at the door, he saw the defendant peeking through the front door, looking into the house. The victim did not recognize the defendant.

The victim went to his bedroom, opened up the blinds, and saw the defendant and another man run to the back of the house. The victim also saw a car which he did not recognize in the driveway. The victim locked

himself in his bedroom and called 911. While on the phone with 911, he heard the defendant and his accomplice break into the house.

The police arrived within three to five minutes. One officer arrested the driver of the vehicle parked in the driveway. A K-9 officer went with his dog around the back of the house where he noticed a "back slider" smashed out. His dog was barking and picked up a track leading away from the house.

The K-9 officer and a second officer followed the dog's tracking up to a creek, where they located a laptop, two sets of gloves, and a camera. The officers and the dog went across the creek, and the dog continued tracking into some bushes. There, the officers found a pillow case, jewelry boxes, and some wet clothes.

A third officer went to a perimeter location announced by the K-9 officer. While on the perimeter, the third officer saw the defendant and his accomplice running west towards a golf course.

A police helicopter pilot searched for the defendant and his accomplice near the golf course. The helicopter pilot saw the defendant and his accomplice as they went underneath some foliage in a wooded area neighboring the golf course. Soon, officers on the ground found the defendant and his accomplice hiding under some foliage. The officers arrested them.

At the close of the state's case, the defendant moved for a judgment of acquittal on the resisting an officer without violence charge. The defendant argued, among other things, that the officers did not give him an order which he opposed. The state responded the evidence showed "the helicopter was in the air. The dog was there[,] . . . everybody was there chasing them, and that would be the resisting."

The trial court denied the motion for judgment of acquittal, and the jury found the defendant guilty on all charges. This appeal followed.

The defendant argues, among other things, that the court erred in denying his motion for judgment of acquittal on the resisting without violence charge, because insufficient evidence existed to prove he knew of the police's intent to detain him.

Our review is de novo. *See Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002) ("In reviewing a motion for judgment of acquittal, a de novo standard of review applies. . . . If, after viewing the evidence in the light most

favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.") (internal citations omitted).

We agree with the defendant's argument on his resisting without violence conviction. The applicable statute, section 843.02, Florida Statutes (2013), provides:

> Whoever shall resist, obstruct, or oppose any officer . . . in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree . . . .

§ 843.02, Fla. Stat. (2013). Under the statute, "the State must prove: (1) the officer was engaged in the lawful execution of a legal duty; and (2) the defendant's action, by his words, conduct, or a combination thereof, constituted obstruction or resistance of that lawful duty." *C.E.L. v. State*, 24 So. 3d 1181, 1185-86 (Fla. 2009).

Under the second element, "[t]o be guilty of unlawfully resisting an officer, an individual who flees *must know of the officer's intent to detain him . . . .*" *Id.* at 1186 (emphasis added; citation omitted). Thus, "as a general rule, flight, standing alone, is insufficient to form the basis of a resisting without violence charge." *Id.*

Here, the state's evidence consisted of flight, standing alone. The state did not present any evidence that any officer directed the defendant to stop either before or during his flight. Thus, the state's evidence was insufficient to prove that the defendant knew of the police's intent to detain him. *See Perez v. State*, 138 So. 3d 1098, 1100 (Fla. 1st DCA 2014) ("Contrary to the trial court's determination, the State did not present any evidence that law enforcement directed Appellant to stop either before or after he fled."); *O.B. v. State*, 36 So. 3d 784, 788 (Fla. 3d DCA 2010) ("[T]here is no evidence that O.B. heard any order to stop; in fact, he testified that when he took off running, he did not hear the officers issue a command, and he was unaware whether an officer was after him in particular. The State therefore failed to prove the second requirement, that an individual who flees must know of the officer's intent to detain him.") (citation and internal quotation marks omitted); *S.B. v. State*, 31 So. 3d 968, 970 (Fla. 4th DCA 2010) ("[A]lthough S.B. fled upon seeing the officers, there was no command to stop by the officers at the time S.B. began to flee. Also, one of the officers testified that he did not think that S.B. even knew he was being pursued. Thus, although the evidence may reflect that S.B. was aware that he had caught the officers' attention when

he began to flee, it does not prove that he had knowledge that the officers intended to detain him."); *Clark v. State*, 976 So. 2d 1225, 1226 (Fla. 4th DCA 2008) ("[A]ppellant started to run the moment the unmarked law enforcement vehicles turned into the parking lot. . . . [The deputy] did not tell appellant to stop. . . . The evidence does not prove appellant had knowledge that [the deputy] or any other officer intended to detain him.").

Based on the foregoing, we reverse the defendant's resisting an officer without violence conviction and remand for the trial court to vacate that conviction and its corresponding sentence. We affirm on all other arguments without further discussion.

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN, C.J., and WARNER, J., concur.
GERBER, J., dissents with an opinion.

GERBER, J., dissenting.

I respectfully dissent. In one of the cases upon which the majority relies, *Perez v. State*, 138 So. 3d 1098 (Fla. 1st DCA 2014), our sister court, following its observation that "the State did not present any evidence that law enforcement directed Appellant to stop either before or after he fled," *id.* at 1100, later stated: "Although *there may be a case where the surrounding circumstances could establish knowledge of law enforcement's intent to detain without a command to stop*, this is not such a case." *Id.* at 1101 (emphasis added).

The instant case may be "the case" which our sister court hypothesized may exist, making it distinguishable from the cases upon which the majority relies. Here, the record contains at least three surrounding circumstances which, by reasonable inference, could establish the defendant's knowledge of the police's intent to detain him without a command to stop. *See McDuffie v. State*, 970 So. 2d 312, 332 (Fla. 2007) ("Appellate courts review the denial of a motion for judgment of acquittal under the de novo standard, and must consider the evidence and all reasonable inferences from the evidence in a light most favorable to the State.") (citation omitted).

First, a reasonable inference could be made that the defendant knew of the police's intent to detain him because he and his accomplice fled from the victim's home when the police arrived. This inference may be made because the defendant and his accomplice required at least a few minutes to break into and ransack the victim's home while the victim was on the

4

911 call, the police arrived within three to five minutes of the 911 call, and the defendant and his accomplice fled from the back of the house rather than returning to their getaway car in the victim's driveway.

Second, a reasonable inference could made that the defendant knew of the police's intent to detain him because he and his accomplice discarded the items they stole from the victim's home, and discarded their gloves and some of the clothes they were wearing, presumably in an attempt to avoid identification as the perpetrators of the crimes.

Third, a reasonable inference could be made that the defendant knew of the police's intent to detain him because, as the K-9 officer, the second officer, the perimeter officer, and the helicopter pilot zeroed in, the defendant and his accomplice ultimately ran into a wooded area before hiding under some foliage. It is reasonable to infer that the three officers and the K-9, if not the helicopter flying overhead, created enough sound to alert the defendant of the police's intent to detain them, because, if the defendant did not know of the police's intent to detain them, why were he and his accomplice hiding?

In sum, I recognize that "as a general rule, flight, standing alone, is insufficient to form the basis of a resisting without violence charge." *C.E.L. v. State*, 24 So. 3d 1181, 1185-86 (Fla. 2009). However, this case involves more than flight alone. In this case, even absent "evidence that law enforcement directed [the defendant] to stop either before or after he fled," *Perez*, 138 So. 3d at 1101, the combination of three reasonable inferences from the evidence is sufficient to prove that the defendant knew of the police's intent to detain him. I would affirm the defendant's resisting an officer without violence conviction and corresponding sentence.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***