GERBER, J.,
dissenting.
I respectfully dissent. In one of the cases upon which the majority relies, Perez v. State, 138 So.3d 1098 (Fla. 1st DCA 2014), our sister court, following its observation that “the State did not present any evidence that law enforcement directed Appellant to stop either before or after he fled,” id. at 1100, later stated: ‘Although there may be a case where the surrounding circumstances could establish knowledge of law enforcement’s intent to detain without a command to stop, this is not such a.case.” Id. at 1101 (emphasis added).
The instant case may be “the case” which our sister court hypothesized may exist, making it distinguishable from the cases upon which the majority relies. Here, the record contains at least three surrounding circumstances which, by reasonable inference, could establish the defendant’s knowledge of the police’s intent to detain him without a command to. stop. See McDuffie v. State, 970 So.2d 312, 332 (Fla.2007) (“Appellate courts review the denial of a motion for judgment of acquittal under the de novo standard, and must consider the evidence and all reasonable inferences from the evidence in a light most favorable to the State.”) (citation omitted).
First, a reasonable inference could be made that the defendant knew of the police’s intent to detain him because he and his accomplice fled from the victim’s home when the police arrived. This inference may be made because the defendant and his accomplice required at least a few minutes to break into and ransack the victim’s home while the victim was on the 911 call, the police arrived within three to five minutes of the 911 call, and the defendant and his accomplice fled fronl the back of the house rather than returning to their getaway car in the victim’s driveway.
Second, a reasonable inference could made that the defendant knew of the police’s intent to detain him because he and his accomplice discarded the items they stole from the victim’s home, and discarded their gloves and some of the clothes they were wearing, presumably in an attempt to avoid identification as the perpetrators of the crimes.
Third, a reasonable inference could be made that the defendant knew of the police’s intent to detain him because, as the K-9 officer, the second officer, the perimeter officer, and the helicopter pilot zeroed in, the defendant and his accomplice ultimately ran into a wooded area before hid *1014 ing under some foliage. It is reasonable to infer that the three officers and the K-9, if not the helicopter flying overhead, created enough sound to alert the defendant of the police’s intent to detain them, because, if the defendant did not know of the police’s intent to detain them, why were he and his accomplice hiding?
In sum, I recognize that “as a general rule, flight, standing alone, is insufficient to form the basis of a resisting without violence charge.” C.E.L. v. State, 24 So.3d 1181, 1185-86 (Fla.2009). However, this ease involves more than flight alone. In this case, even absent “evidence that law enforcement directed [the defendant] to stop either before or after he fled,” Perez, 138 So.3d at 1101, the combination of three reasonable inferences from the evidence is sufficient to prove that the defendant knew of the police’s intent to detain him. I would affirm the defendant’s resisting an officer without violence conviction and corresponding sentence.