# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1595

_____

JAMES NEIL WALLACE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Gary L. Bergosh, Judge.

March 22, 2018

PER CURIAM.

Appellant, James Neil Wallace, challenges his conviction for aggravated assault and raises two issues on appeal, only one of which merits discussion. Appellant argues, and we agree, that the trial court erred in denying his motion for judgment of acquittal. We, therefore, reverse the conviction and remand.

The State charged Appellant with two counts of aggravated assault by threat with a deadly weapon, one of which involved a motor vehicle and one of which involved a cane. During the State's case, the victim testified that Appellant, his "biological father" whom he had not seen in twenty years, came to his residence notwithstanding an injunction prohibiting such. On direct examination, the victim testified, "I open the door, tell him to

leave, start cussing each other, and then he gets mad and lunges at me with his cane. I step back to nail him, and he stepped back himself, and then we cussed each other some more." The victim acknowledged on cross-examination that Appellant did not swing the cane at him like someone would swing a baseball bat or a golf club. He testified, "Like, one side, one hand holding it [the cane] braced, and the other side forcing it in." He affirmatively responded when asked if Appellant pushed the cane toward him. After the State rested its case, defense counsel moved for a judgment of acquittal, arguing that the cane was not a deadly weapon and that it was not reasonable to conclude that the victim had a well-founded fear of Appellant. The prosecutor asserted in part that "being struck with a cane can certainly break someone's bones, or cause any other form of great bodily harm." The trial court denied Appellant's motion, along with his renewed motion made after the defense rested its case. The jury found Appellant not guilty of aggravated assault involving a motor vehicle, but guilty of the offense involving the cane. This appeal followed.

The question presented by a motion for judgment of acquittal is whether, in the light most favorable to the State, the evidence is legally adequate to support the charge. *Perez v. State*, 138 So. 3d 1098, 1100 (Fla. 1st DCA 2014). If competent, substantial evidence is presented to support a conviction, an appellate court generally will not reverse the denial of a motion for judgment of acquittal. *Id.* A trial court's ruling on such a motion is reviewed on appeal de novo. *Id.* In reviewing a trial court's ruling, an appellate court must consider the evidence and all reasonable inferences from the evidence in a light most favorable to the State. *Id.*

An assault is "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011(1), Fla. Stat. (2014). Aggravated assault is "an assault [w]ith a deadly weapon without intent to kill." § 784.021(1)(a), Fla. Stat. (2014). Whether an object is a deadly weapon is not to be determined upon its capability of producing death, but rather on its likelihood to produce death or great bodily injury. *Rudin v. State*, 182 So. 3d 724, 726 (Fla. 1st DCA 2015); *see also D.B.B. v. State*, 997 So. 2d 484, 485 (Fla. 2d DCA 2008) (noting that a deadly

2

weapon is an item which, when used in the ordinary manner contemplated by its design, will or is likely to cause death or great bodily harm or any instrument likely to cause great bodily harm because of the way it is used during a crime and "[w]hether an item is a deadly weapon is a factual question to be determined under the circumstances, taking into consideration its size, shape, material, and the manner in which it was used or was capable of being used").

We agree with Appellant that the State's evidence regarding the cane was insufficient to support the charge of aggravated assault. Although a cane could certainly constitute a deadly weapon in certain circumstances, the victim's testimony that Appellant lunged at him with the cane or pushed or forced his cane toward him during a verbal altercation and that both men then stepped backward did not establish that Appellant used the cane in a manner likely to produce death or great bodily harm. While the prosecutor correctly argued below that being struck with a cane could cause great bodily harm, there was no testimony presented in this case that Appellant struck the victim, and, according to the victim, Appellant did not swing the cane at him like one would swing a baseball bat or golf club. Instead, the cane was pushed or forced toward Appellant. Based upon the evidence, we hold that the trial court erred in denying Appellant's motion for judgment of acquittal. *See J.L. v. State*, 60 So. 3d 462, 463 (Fla. 1st DCA 2011) (holding that a plastic fork that was used to stab the victim in the neck did not constitute a deadly weapon under the circumstances present in the case); *D.B.B.*, 997 So. 2d at 485 (reversing the adjudication for aggravated assault where the appellant cursed at his mother and threw his bicycle at her, forcing her to step back to prevent the bicycle from hitting her, and reasoning that the manner in which the bicycle was used did not make it likely to cause death or great bodily harm); *D.C. v. State*, 567 So. 2d 998, 1000 (Fla. 1st DCA 1990) (holding that there was insufficient evidence to support the trial court's conclusion that the deodorant spray used at close range constituted a deadly weapon); *E.J. v. State*, 554 So. 2d 578, 579 (Fla. 3d DCA 1989) (holding that the evidence did not establish aggravated assault where the appellant threw a skateboard at a vehicle); *Rogan v. State*, 203 So. 2d 24, 25 (Fla. 3d DCA 1967) (holding that there was not sufficient evidence upon which the trier of fact could properly determine that

3

the flower pot was of such character to be classified as a deadly weapon where the pot was thrown from outside into a window of a residence, the "complaining witness" was inside seated in a chair five feet from the window, and the flower pot broke the glass but did not penetrate the screen).

Accordingly, we REVERSE the aggravated assault conviction and REMAND with instructions that the trial court enter an amended judgment for the offense of simple assault and sentence Appellant for that offense.

B.L. THOMAS, C.J., and LEWIS and MAKAR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Andy Thomas, Public Defender, David A. Henson, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Amanda D. Stokes, Assistant Attorney General, Tallahassee, for Appellee.