# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-0407
_____

LEE FORZON BAKER JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Bay County.
Brantley S. Clark, Jr., Judge.

April 2, 2025


PER CURIAM.

Appellant challenges his convictions and sentences for three counts of possession of various controlled substances found in his vehicle. He argues that the State's evidence was insufficient to establish constructive possession of the controlled substances and that the trial court erred in denying his motions for judgment of acquittal at the close of the State's evidence and as renewed at the close of all the evidence. He also appeals the portion of his sentences imposing the $100 minimum cost of prosecution under section 938.27(8), Florida Statutes on grounds that the State did not request this cost at sentencing.

We review the denial of judgment of acquittal de novo to determine whether the conviction is supported by competent,

substantial evidence. *Wallace v. State*, 240 So. 3d 872, 873 (Fla. 1st DCA 2018). We "must consider the evidence and all reasonable inferences from the evidence in a light most favorable to the State." *Perez v. State*, 138 So. 3d 1098, 1100 (Fla. 1st DCA 2014).

The trial court applied the correct standard to the State's evidence. The trial testimony established that Appellant was observed running a stop sign by a police officer in a marked patrol vehicle. The officer activated his vehicle lights, but Appellant led him on a slow speed chase for several blocks before stopping. Appellant was instructed to turn off his engine and exit his vehicle, but he refused to do so. Instead, Appellant suddenly fled and led the officer on a high-speed chase for many blocks, failing to stop at several stop signs and sometimes exceeding 100 miles per hour.

When Appellant's vehicle stopped after becoming disabled, he was removed from his vehicle. The controlled substances were found in plain sight on the floor of the back seat and in a backpack on the floor of the back seat. A passenger was in the front passenger seat, but she testified at trial that the contraband was not hers and that she did not place the contraband or backpack in the vehicle.

The State's evidence created a fact question for the jury of whether Appellant knew the controlled substances were present in his vehicle and whether he had dominion and control over them. *See Knight v. State*, 186 So. 3d 1005, 1012 (Fla. 2016) (upholding conviction for constructive possession where evidence of "dominion and control" and "knowledge that the contraband was within [defendant's] presence" was presented to the jury); *see also Smith v. State*, 175 So. 3d 900, 903 (Fla. 1st DCA 2015) ("[W]hen contraband is located in plain view, control over the item may be inferred from evidence that the defendant has exclusive control over the place where it was discovered."). Thus, we affirm the trial court's denials of the motions for judgment of acquittal.

Addressing Appellant's second issue on appeal, we affirm the portion of the sentences imposing the mandatory $100 cost of prosecution where the State did not request this cost at sentencing. We decided this issue in *Parks v. State*, 371 So. 3d 392, 394 (Fla. 1st DCA 2023), *rev. granted* SC2023-1355, 2024 WL 370043 (Fla. Jan. 31, 2024).

AFFIRMED.

OSTERHAUS, C.J., and ROBERTS and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Jessica J. Yeary, Public Defender, David A. Henson, Assistant Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Ryan Roy, Assistant Attorney General, Tallahassee, for Appellee.