# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-0920
_____

LAVELLE EARL JAMES,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
John Simon, Jr., Judge.

April 16, 2025

LONG, J.

Lavelle James appeals his judgment and sentence for one count of robbery with a firearm, two counts of aggravated assault with a deadly weapon while wearing a mask, two counts of improper exhibition of a firearm, one count of grand theft while wearing a mask, and one count of resisting an officer without violence. The charges stemmed from a robbery that occurred at a RaceWay convenience store. He challenges the trial court's denial of his motion for judgment of acquittal and the court's decision not

to discharge his appointed counsel following two *Nelson** hearings. We affirm the latter issue without further discussion. *See Brown v. State*, 113 So. 3d 134, 138 (Fla. 1st DCA 2013) ("Defense counsel specifically addressed all of Brown's complaints and adequately explained counsel's reasons for proceeding as he had done thus far. Because the record amply supports the trial court's findings and its decision not to discharge counsel, we find no abuse of discretion on the *Nelson* claim.").

In reviewing a trial court's ruling on a motion for judgment of acquittal, an appellate court must consider the evidence and all reasonable inferences in a light most favorable to the State. *Wallace v. State*, 240 So. 3d 872, 873 (Fla. 1st DCA 2018). If there is competent, substantial evidence to support a conviction, an appellate court generally will not reverse the denial of a motion for judgment of acquittal. *Id.* Competent, substantial evidence is "such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred." *Savage v. State*, 120 So. 3d 619, 622 (Fla. 2d DCA 2013) (quoting *De Groot v. Sheffield*, 95 So. 2d 912, 916 (Fla. 1957)).

James argues that the trial court erred when it denied his motion for judgment of acquittal because the State failed to establish that he was the individual who robbed the store. But the testimony of the four eyewitnesses and two deputy sheriffs was sufficient for the jury to reasonably infer that it was James. He was found in the area of the RaceWay shortly after the robbery. He was wearing the same-colored shirt, pants, and shoes as the perpetrator. He fled from law enforcement. And when he was arrested, James had a handgun, cash, and marked paper bands that were stolen during the robbery. This competent, substantial evidence is sufficient to support James' conviction. The trial court, therefore, did not err when it denied the motion for judgment of acquittal.

AFFIRMED.

OSTERHAUS, C.J., and NORDBY, J., concur.

---

* *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973).

2

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

Jessica J. Yeary, Public Defender, and Justin F. Karpf, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and David Welch, Assistant Attorney General, Tallahassee, for Appellee.