# Third District Court of Appeal
## State of Florida

Opinion filed June 18, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1645
Lower Tribunal No. F22-19629
_____

**Markus Leo Husarek,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before FERNANDEZ, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Markus Leo Husarek, challenges his conviction and sentence for resisting an officer without violence, in violation of section 843.02, Florida Statutes (2022). On appeal, he contends that the trial court erred in failing to instruct the jury that knowledge of the officer's intent to detain him was an essential element of the crime. Because this issue was unpreserved and the record does not establish fundamental error, we affirm.

I

Shanai Hadley called 911 and reported that a white male, later identified as Husarek, struck her in the face while uttering a racial slur. Husarek was present during the 911 call.

Lieutenant Luis Vasquez was a block away from the location reported in the dispatch in an unmarked police cruiser. He observed Husarek and Hadley crossing the street, and he made a U-turn and activated his red and blue lights. He parked and exited his vehicle.

Vasquez approached Husarek on foot, clad in full uniform. He instructed Husarek to stop and speak with him. Husarek instead looked at him and walked away. Vasquez then attempted to grab him, but Husarek increased his gait to a full run. Other officers arrived and gave chase. They eventually apprehended Husarek in the back of a gas station.

2

The State charged Husarek with battery with prejudice and resisting without violence. The case proceeded to a jury trial. After the State rested, the defense moved for a judgment of acquittal on the resisting count. The defense conceded Husarek knew Vasquez was an officer but contended that the State failed to prove the officer was executing a legal duty. The trial court denied the motion.

During closing argument, defense counsel asked the following: "Did [Husarek] think that he had a reason to stop? Was he being forced to stop?" The defense further argued:

> And I want to talk about the execution of a legal duty. What was Lieutenant Vasquez executing? He told you that he was merely investigating. He wanted to get both sides of the story. He was not trying to detain Mr. Husarek, to prevent him from leaving. He was not trying to arrest him. He did not go after him.

The resisting without violence jury instruction tracked Florida Standard Jury Instruction in Criminal Cases 21.2 and included the following elements: (1) Husarek resisted, obstructed, or opposed Vasquez; (2) Vasquez was engaged in the lawful execution of a legal duty; (3) Vasquez was an officer; and (4) Vasquez knew Husarek was an officer. The defense did not object or request a special instruction.

3

The jury acquitted Husarek of battery but convicted him of resisting without violence.  The trial court imposed a 364-day jail sentence, and this appeal followed.

## II

In Florida, jury instructions are subject to the contemporaneous objection rule.  Absent an objection at trial, an error may only be raised on appeal if it amounts to fundamental error.  See Battle v. State, 911 So. 2d 85, 88–89 (Fla. 2005).  "Whether an omission or other error in jury instructions is fundamental depends, under the cases, on whether it pertains to a factual determination the jury must make in the particular case."  Lane v. State, 867 So. 2d 539, 541 (Fla. 1st DCA 2004).  "Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal."  State v. Delva, 575 So. 2d 643, 645 (Fla. 1991).  That is because to be deemed fundamental, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error."  Brown v. State, 124 So. 2d 481, 484 (Fla. 1960).

## III

Section 843.02, Florida Statutes (2022), provides that an individual commits a first-degree misdemeanor if he or she knowingly resists, obstructs, or opposes a law enforcement officer executing a legal duty. Consistent with the statute, the State must prove that the defendant engaged in conduct or words adequate to establish resistance, obstruction, or opposition. See N.H. v. State, 890 So. 2d 514, 516–17 (Fla. 3d DCA 2005).

The Florida Supreme Court has explained that, depending on the circumstances, flight cases may implicate an additional specific evidentiary showing. In C.E.L. v. State, 24 So. 3d 1181 (Fla. 2009), the court explained that "as a general rule, flight, standing alone, is insufficient to form the basis of a resisting without violence charge." Id. at 1186. In such cases, "an individual who flees must know of the officer's intent to detain him . . . ." Id. (citing H.H. v. State, 775 So. 2d 397, 398 (Fla. 4th DCA 2000)).

In several C.E.L. progeny cases, courts have reversed convictions upon an insufficient showing of knowledge of intent to detain. See O.B. v. State, 36 So. 3d 784, 788 (Fla. 3d DCA 2010) (reversing where fleeing juvenile lacked awareness of officer's intent to stop or chase him); McClain v. State, 202 So. 3d 140, 143 (Fla. 2d DCA 2016) (granting certiorari where defendant fled to his grandmother's duplex and officers never commanded him to stop); Brown v. State, 199 So. 3d 1010, 1012 (Fla. 4th DCA 2016)

5

("Here, the state's evidence consisted of flight, standing alone. The state did not present any evidence that any officer directed the defendant to stop either before or during his flight. Thus, the state's evidence was insufficient to prove that the defendant knew of the police's intent to detain him."); Perez v. State, 138 So. 3d 1098, 1100–01 (Fla. 1st DCA 2014) (reversing resisting without violence charge for lack of knowledge where "the State did not present any evidence that law enforcement directed appellant to stop"). But no case has addressed the precise issue before us—that is, whether the trial court's failure to sua sponte instruct the jury on the issue of knowledge of intent to detain constitutes fundamental error under the facts of record.

**IV**

Limiting our analysis, as we must, to the facts of this particular case, we conclude it does not. We first note that this case differs procedurally from C.E.L. and the litany of cases cited above. Those decisions involved the quantum of proof necessary to sustain a conviction or a finding of delinquency, not the entitlement to augmentation of the standard jury instruction.

Further, casting aside the fact that implicit in the ordinary, everyday meanings of the words "resisted," "obstructed," and "opposed" is some level of knowing defiance, "[f]ailing to instruct on an element of the crime over

6

which the record reflects there was no dispute is not fundamental error . . . ." *Delva*, 575 So. 2d at 645; *see* *Polite v. State*, 973 So. 2d 1107, 1113 (Fla. 2007) ("[T]he word 'resist' has been defined as follows: 'to exert force in opposition . . . to exert oneself so as to counteract or defeat.' The very nature of 'resisting' therefore implies an element of knowledge, i.e., an awareness that another is exerting force and an intent to counter that force in opposition.") (citation omitted); *Obstruct*, Black's Law Dictionary (12th ed. 2024) ("To make difficult or impossible; to keep from happening; hinder . . . ."); *Oppose*, American Heritage Dictionary (5th ed. 2022) ("To be hostile or resistant to . . . . To be or act in opposition."); *see also* *Obstruction of Justice*, Garner's Dictionary of Legal Usage (3d ed. 2011) ("[I]nterference with the orderly administration of law . . . ."). And here, only a single witness—Vasquez—testified to the chronology of events preceding Husarek's arrest. The uncontroverted evidence established that Vasquez issued a verbal command to Husarek after he activated his police lights and emerged from his undercover cruiser in full uniform. Husarek defied that command by making eye contact and first walking and then running from Vasquez and the other responding officers. Under these circumstances, there was no showing that knowledge of intent to detain was disputed, and

7

therefore any contended error in the standard instruction cannot be deemed fundamental.  See Knight v. State, 286 So. 3d 147, 151 (Fla. 2019).

Affirmed.